## THE EXCHANGE BANK *vs.* BUTNER & EDGEWORTH.

The note sued on having been transferred to plaintiff as collateral security for money loaned before due, it was a *bona fide* holder thereof; consequently, the verdict finding for the defendants on a plea of failure of consideration, was contrary to law.

Negotiable instruments. New trial. Before Judge BARTLETT. Houston Superior Court. May Term, 1878.

Reported in the decision.

DUNCAN & MILLER, for plaintiff in error, cited : as to plaintiff being *bona fide* holder, Code, §§2785, 2791, 3471; 57 *Ga.*, 319; 56 *Ib.*, 88; 50 *Ib.*, 118-19; Code, §§3713-3717.

ELI WARREN; W. S. WALLACE, for defendants, cited : as to hesitancy in granting new trial because verdict against law and evidence, 3 *Kelly*, 310; 7 *Ga.*, 269, 283; 8 *Ib.*, 306; 10 *Ib.*, 37; 21 *Ib.*, 261; 26 *Ib.*, 436, 524, 560; 27 *Ib.*, 402; 28 *Ib.*, 404; 29 *Ib.*, 257, 628.

WARNER, Chief Justice.

The plaintiff sued the defendants on a promissary note for the sum of $300.00 dated 7th of March, 1874, and due 1st of November thereafter, payable to the order of Hunt, Rankin & Lamar, and indorsed in blank by them. The defendants pleaded that said note was given to the payees

thereof for a fertilizer which was wholly worthless, and that the consideration for which said note was given had entirely failed, and that after the same became due it was presented to defendants for payment, and payment thereof demanded by the agent, not of the plaintiff, but by the agent of Hunt, Rankin & Lamar, and that they are and were the owners of said note after it became due. On the trial of the case the jury found a verdict in favor of the defendants. A motion was made for a new trial on the ground that the verdict was contrary to the evidence and contrary to law, which was overruled, and the plaintiff excepted. The only question insisted on here was whether the plaintiff was the *bona fide* holder of a note for a valuable consideration before it became due, or whether it was the property of Hunt, Rankin & Lamar, the payees thereof.

It was proved by two witnesses for the plaintiff, that the note was transferred by Hunt, Rankin & Lamar to the plaintiff on the 30th of April, 1874, as collateral security for money loaned by it to them ; the amount advanced by the plaintiff was eighty per cent of the face value of the note, the plaintiff having no notice of any defense thereto. One of the defendants (Butner) stated that after the note became due, one Skellie, who had been the agent of Hunt, Rankin & Lamar in the spring of 1874, and had been collecting for them that fall, called on him for the payment of the note, but did not exhibit the note, supposed he had it. After he was sued on the note, called at the Exchange Bank and told Lawton, its cashier, that he would pay the bank $200.00 as a compromise of the debt. He said he could not take it without first seeing Hunt, Rankin & Lamar about it, and went to their store and saw them, came back and told witness they would not consent to his taking the $200.00 dollars offered. This is all the evidence going to show that the plaintiff was not the *bona fide* holder of the note before it became due.

Skellie was not the agent of the plaintiff, and therefore its right to the paper could not be affected by what he

said to the defendant ; besides, it did not appear that he had possession of the note—there is nothing inconsistent with the plaintiff's title to the note arising from the fact that its cashier consulted with Hunt, Rankin & Lamar as to the proposed compromise of $200.00 and their refusal to consent thereto. The plaintiff held the note which they had indorsed, as collateral security for the loan of $240.00, that being eighty per cent. of the face of the note. If the plaintiff had taken $200.00 in payment of the note without the consent of Hunt, Rankin & Lamar, it could not have collected from them the additional $40.00 loaned, for which it held the note as security, and hence the necessity of obtaining their consent for the protection of its own interest. The plaintiff was a *bona fide* holder of the note to the extent of the money loaned, and for which it was transferred to it as collateral security. Code, §2788. When the amount of money loaned, with the lawful interest due thereon, shall be collected on the note by the plaintiff, and for that purpose it had the legal title to it under the evidence, the balance due thereon will belong to Hunt, Rankin & Lamar. In view of the evidence contained in the record the verdict of the jury was contrary to law.

Let the judgment of the court below be reversed.