NOVELTY HAT MANUFACTURING CO. *v.* WISEBERG.

The contract sued upon in this case was ambiguous, and the court erred in disallowing and striking defendant's pleadings, under the allegations of which oral testimony would have been admissible to explain the ambiguity, on the ground that the said contract was unambiguous.

Argued May 29,—Decided November 16, 1906.

Complaint. Before Judge Reid. City court of Atlanta. December 14, 1905.

In October, 1903, the Novelty Hat Manufacturing Company and Wiseberg entered into a contract which provided that "said Wiseberg agrees to work in the employ of the Novelty Hat Mfg. Co., both in the house and on the road, as traveling salesman; for which he is to receive the sum of $100.00 per month, provided his (counting only goods shipped as sales) sales average the amount of $25,000 per annum; and it is also agreed that Wiseberg is to receive a commission of 5% on all sales over the above amount, although he is to get no credit for sales made to the wholesale houses in the city of Atlanta. . . Said Wiseberg agrees to call on the trade in the city of Atlanta whenever requested to do so." The contract was to continue one year from November 1, 1903, "either party reserving the right to terminate this contract April 30th, 1904, should either desire to do so." The contract was terminated April 30, 1904, and Wiseberg brought this suit to recover the remainder of his salary, computed at the rate of $100 per month. The defendant admitted the execution of the contract, but insisted that the plaintiff was entitled to $100 only on condition that his sales averaged the amount of $25,000 per annum, which defendant alleged that they did not. Defendant alleged that the plaintiff was only entitled to a commission of 4.8% of the amount of his sales, which had been overpaid; and asked for a judgment against plaintiff for the balance.

The plaintiff moved to strike the defendant's answer, and invoked from the court a construction of the contract. Defendant then offered to amend his plea by alleging that the contract was ambiguous, and that parol evidence was necessary to explain the ambiguity; and to amend further by pleading certain breaches of the contract by plaintiff. The amendment was verified by the affidavit of defendant's attorney. The court held that the contract

was not ambiguous, and interpreted it to impose upon the defendant the obligation to pay the plaintiff $100 per month · for his services.　Defendant's amendment was disallowed, and the original plea stricken, and judgment was entered up in favor of plaintiff for the full amount of his claim.　To these rulings the defendant excepted.

*John L. Hopkins & Sons,* for plaintiff in error.

*Hirsch & Haas,* contra.

BECK, J.　(After stating the facts.)　The court erred in holding that the contract sued on was not ambiguous.　Many definitions of the term "ambiguous" can be found in the reports, in law dictionaries, and in the various standard lexicons, and while these definitions vary among themselves, some being broader, and some more restricted in scope, tested by any of them the instrument immediately under consideration is, it seems to us, open to the criticism made upon it by counsel for plaintiff in error, that it is ambiguous.　" 'Ambiguity' is defined as duplicity, indistinctness, an uncertainty of meaning or expression used in a written instrument." · Nidle *v.* State Bank, 13 Neb. 245 (13 N. W. 275), cited in 1 Words and Phrases, 367.　"Ambiguity" also signifies "of doubtful or uncertain nature; wanting clearness or definiteness; difficult to comprehend or distinguish; of doubtful purport; open to various interpretations."　Cent. Dict.　A construction of a contract which imposes upon the defendant the unqualified obligation to pay the plaintiff $100 per month for his salary in case the contract should' be terminated before the end of a year seems entirely inconsistent with the use of the expression "provided his sales average the amount of $25,000 per annum," which introduces a very material condition into the contract, and one which increases the ambiguity, when it is considered that the right to terminate the engagement between the parties at the expiration of six months from its formation was reserved to both.　And however ingenious the interpretation of the word "average," given by counsel for defendant in error, it also introduces an element of ambiguity, when we consider that the contract continued only over the period of one year, and that the "average" in regard to which the stipulation is made is a yearly average.　How could there be an average amount of sales per annum, unless the period of employment covered a series of years, or at least a greater number of years than one?　There are many

other elements of ambiguity in the paper containing the agreement between this plaintiff and the defendant; but having held that it is ambiguous, that is sufficient without attempting to point out the possible constructions to be placed upon it. The correct construction must depend at last upon the evidence which shall be introduced at the next trial, tending to shed light upon the understanding which the parties to this contract had of its terms at the time of its execution.

It appearing from the record and bill of exceptions that the presiding judge struck the answer and amendments thereto, and rendered judgment in favor of the plaintiff, on the ground that the contract was unambiguous, and such ruling being erroneous, the judgment is reversed. It is unnecessary for us to deal with other possible objections to the pleadings which might have been made, but which appear not to have been passed upon.

*Judgment reversed.    All the Justices concur.*