5696.   PATTERSON & CO. *et al. v.* PETERSON.

1. Where a negotiable note is wrongfully transferred to a bona fide purchaser, thereby cutting off a valid defense of the maker, a cause of action arises for resulting damages.

2. One who takes negotiable paper as collateral security for a pre-existing debt is a holder for value, and, if not chargeable with notice of equities, he is as much entitled to protection as one who has parted with a money consideration.

3. One has no right to complain of anything that obviously enured to his benefit.

4. In suits where the expenses of litigation might properly be recovered as a part of the damages, it is error for the court to direct a verdict therefor.  Whether the plaintiff is entitled to recover such expenses is a matter solely for the jury.

DECIDED FEBRUARY 3, 1915.

Action for damages; from city court of Douglas—Judge Mc-Donald presiding.  February 24, 1914.

*Levi O'Steen,* for plaintiffs in error.

*McDonald & Willingham, Dickerson, Kelly & Roberts,* contra.

RUSSELL, C. J.  Peterson sought to recover from Patterson & Company certain damages because of his having been forced to pay a certain promissory note, signed by one Sam Story and himself and payable to the defendants, to which he alleged he had a good and valid legal defense, which he was prevented from urging by reason of its having been fraudulently transferred by the defendants to a bona fide purchaser for value, before maturity, without notice of the plaintiff's defense thereto.  The plaintiff alleged and proved that after having signed the note in question as security for Sam Story, and before Story and one other person who was also to sign the note as surety had signed it, and before its delivery to or acceptance by Patterson & Company, the payees, he notified Patterson & Company not to accept the note, and was thereupon, by Patterson's assent, released from any liability thereon, and was assured by the defendants that they would not accept the note.  Subsequently Patterson & Company did accept the note and immediately transferred it for a valuable consideration to the Union Banking Company, without notice of Peterson's release.  Upon being sued by the Union Banking Company, Peterson was forced to pay $157 in settlement of the note, and had to pay the additional sum of $25 as attorney's fees of counsel employed by him in an attempt to urge his defense against the suit brought by the Union Banking Company.  The defendants, by their testimony, admitted the truth of all the material averments of the plaintiff, and the court directed a verdict for both the $157 paid to the Union Banking Company and the $25 paid to the plaintiff's attorneys.  The defendants filed a demurrer to the plaintiff's petition; and to the judgment overruling the demurrer, and to the direction of a verdict in favor of the plaintiff, exceptions were taken.

1.  As we view the case, it comes directly within the ruling laid down in *Detwiler* v. *Bainbridge Grocery Co.,* 119 *Ga.* 982 (47 S. E. 553), in which Justice Lamar, speaking for the court, said, "Where one has a perfect defense to a negotiable note, he does not owe the sum represented thereby.  In spite of the written promise it is the mere equivalent of a piece of blank paper.  If it is fraudulently or improperly transferred to one who, because of a right granted to bona fide holders, may force the maker to pay what he does not owe, there is wrong followed by damage, which gives rise to a cause of action."  Without any denial on the part of the defendants

of the facts alleged and proved by the plaintiff, no other legal verdict could have been rendered in the case than that which was rendered. At the time of the release the signed note had not been accepted, no consideration had passed, and the contract had not been completed. The plaintiff had rescinded his action in signing the note as a surety, and had sought and obtained the consent of the defendants to this rescission, and had their promise that they would not accept his note. After this the note was accepted by the defendants and was immediately thereafter transferred to an innocent purchaser for value, thus binding the plaintiff to pay the amount of the note, to which he had a good and valid legal defense and for which he had received no consideration. Under these facts the plaintiff had a complete cause of action and was entitled to recover for the damage suffered by reason of the wrongful acts of the defendants.

2. It is insisted by the plaintiffs in error that because it was shown that the note in question was transferred to the Union Banking Company for a pre-existing debt, rather than a present consideration, the plaintiff was not shut off from his defense to the note, and was, therefore, not in position to proceed against Patterson & Company because of their alleged wrongful transfer. There is no merit in this contention. "A note in the hands of a holder for valuable consideration, transferred before due, and without notice of any equities between the maker and the payee, *as collateral security for an existing debt,* is not liable to the equities between the maker and the payee." *Gibson* v. *Conner, 3 Ga.* 47. Perhaps no principle of commercial law is better established in Georgia than that which declares that one who takes a negotiable paper as collateral security for a pre-existing debt is a holder for value. If such a holder is not chargeable with notice of equities, he is as much entitled to protection as one who has parted with a money consideration. This principle has been laid down and followed throughout the history of the jurisprudence of the State, as the law of the land. *Bond* v. *Central Bank, 2 Ga.* 92; *Hall* v. *Page, 4 Ga.* 445 (48 Am. D. 235) ; *King* v. *Carhart,* 18 *Ga.* 650; *Wilkinson* v. *Jeffers,* 30 *Ga.* 153; *Exchange Bank* v. *Butner,* 60 *Ga.* 654; *Gibson* v. *Hawkins,* 69 *Ga.* 357 (47 Am. R. 757) ; *Laster* v. *Stewart,* 89 *Ga.* 181 (15 S. E. 42) ; *Lee* v. *Johnson,* 101 *Ga.* 286 (34 S. E. 568) ; *Harrell* v. *National Bank of Commerce,* 128 *Ga.* 504

(57 S. E. 869); *Kaiser* v. *U. S. Nat. Bank,* 99 *Ga.* 259 (25 S. E. 620).

3. It was contended that because of the fact that Peterson was able to compromise upon a verdict in the suit of the Union Banking Company against him, and was thus enabled to make a settlement of the note for a less sum than the original amount of the note, he was bound by the compromise and was thereby prevented from proceeding against the defendants for the amount actually paid by him in settlement of the note. We see no merit in this contention. If the plaintiff was able, through the efforts of skilled counsel or otherwise, to reduce to less than its face value a valid claim against himself, which, under the evidence, he was legally bound to pay to the last dollar, and, having made such settlement, seeks only to recover from one who, without authority of law, and, as he contends, through fraud, caused him to make such expenditure, this affords the defrauding party no cause for complaint. Under the undisputed evidence the Union Banking Company was entitled to recover the full value of the note, but the fact that it saw fit to accept a verdict and judgment and a settlement thereon for less than the full face value of the note, can not avail the defendants in this suit, especially since the plaintiff is seeking to recover no more from the defendants than he actually paid to the Union Banking Company. Such action on the part of the plaintiff in securing a settlement for a smaller sum than he was legally bound to pay enured to the benefit of the defendants, and the defendants are not in a position to say that because of this act on the part of the plaintiff, which, admittedly, was of material benefit to them in case the plaintiff was entitled to recover at all, the plaintiff is precluded from proceeding against the defendants. One has no right to complain of anything that shows on its face to have enured to his benefit. *Baker* v. *Central Grocery Co.,* ante, 377 (83 S. E. 504).

4. We think the court erred, however, in directing the jury to find any sum for attorney's fees. It is true that the plaintiff showed that he had expended the sum of $25 in payment of counsel who represented him in the action of the Union Banking Company against him, and this is not denied by the defendants, still the jury were not bound by this evidence as to the value of the services rendered by the plaintiff's attorneys. An oft-cited opinion by Presiding Justice Lumpkin will be found in the case of *Baker* v. *Rich-*

*mond City Mill Works*, 105 *Ga*. 225 (31 S. E. 426), upon the subject of the right of a jury to use their "own knowledge and ideas" in cases where the value of attorney's fees is involved. The plaintiff, by merely paying a given amount to his attorney, could not bind the defendants for this amount unless there were some evidence that the amount so paid was reasonable, and unless it was found so to be by the jury trying the case. Aside from all this, however, we are of the opinion that a court, under the code section (§ 4392) allowing the recovery of the expenses of litigation in certain cases therein named, would never have the right to direct a verdict for any given sum as attorney's fees. The code section reads: "The expenses of litigation are not generally allowed as a part of the damages; but if the defendant has acted in bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, *the jury may allow them.*" We are of the opinion that the intent of the law, in the absence of a contract, is to leave the matter of expenses of litigation, in all such cases as those mentioned therein, solely to the jury trying the case.

Other than the court's instruction that the jury find for attorney's fees, we see no material error in the record. It is therefore ordered that the plaintiff write off the attorney's fees from the judgment, and, when this is done, that the judgment be affirmed.

*Judgment affirmed, with direction. Broyles, J., not presiding.*