## 21473.   TARBUTTON *v.* DUGGAN.

DECIDED FEBRUARY 23, 1932.

*E. W. Jordan,* for plaintiff in error.  *A. R. Wright,* contra.

BELL, J.   In 37 *Ga. App.* 424 (140 S. E. 429), this case was considered upon exceptions to the grant of a nonsuit.   Upon that hearing the following ruling was made:   "The stipulation of the contract of dissolution providing that the compensation of the retiring partner for the particular services was to be paid by the former partnership merely operated to limit the amount of liability of the continuing proprietor, and did not necessitate an equitable accounting of the already liquidated partnership affairs, and did not make the claim for services thus rendered subsequent to the dissolution a partnership claim.   Accordingly, the court erred in granting a nonsuit on the theory that the action as brought against the copartner

could not be maintained at all." On the next trial the plaintiff recovered the full amount of salary sued for, that is $1,000 as salary for four months, and the case is now before this court on exceptions to the overruling of the defendant's motion for a new trial.

The plaintiff and the defendant were the only members of the partnership intended to be dissolved. The contract sued on provided that the plaintiff, Duggan, as the retiring partner, was to "receive a salary of $250 per month for four months, beginning December 1, 1925, for assisting in the collection of these notes and accounts. This salary is to be paid by Tarbutton-Duggan Company," this being the name of the former partnership. The contract further provided that the plaintiff was "to use due diligence in pressing the collection" of the notes and accounts. On the trial now under review the plaintiff testified: "Mr. Tarbutton as successor was due me" the salary sued for; the business "belonged to Mr. Tarbutton, Mr. Tarbutton was the Tarbutton-Duggan Company, because he had absorbed the business and assets; . . he was the Tarbutton and Duggan Company because he owned the Tarbutton-Duggan Company." This testimony made a materially different case from that presented by the former record.

The other facts are sufficiently indicated by the headnotes. Under the rulings therein stated, the court erred in refusing a new trial.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*