26855. WAXELBAUM *v.* CARROLL, administrator.

DECIDED NOVEMBER 21, 1938.

*Johnston & Jones,* for plaintiff in error.

*Martin, Martin & Snow,* contra.

BROYLES, C. J. George Carroll, as administrator of the estate of David Waxelbaum, deceased, sued Joseph Waxelbaum, "for the use of Mrs. Elizabeth W. Waxelbaum," on a contract entered into by David Waxelbaum and the defendant. The only exception is to the judgment overruling the general demurrer to the petition. For the purposes of this decision the following statement of the case made by the petition is sufficient: On March 27, 1929, "David Waxelbaum departed this life a resident of Fulton County, Georgia." On September 13, 1937, George Carroll duly qualified as administrator of the estate of David Waxelbaum, and is now acting as such administrator. On March 4, 1905, David Waxelbaum and Joseph Waxelbaum entered into a contract a copy of which is attached to the petition. David Waxelbaum was survived by his widow, Elizabeth W. Waxelbaum, "who has not remarried and is now in life. After the death of David Waxelbaum, and until July 1st, 1932, the defendant made the payments of $25 per month, specified in said contract, to Elizabeth W. Waxelbaum, but commencing July 1st, 1932, and through December 1st, 1934, the defendant paid the said Elizabeth . . only $15 per month. The defendant has made no payments . . on the monthly instalments commencing January 1st, 1935, through October 1st, 1937. So it is that the defendant has breached his contract in failing to pay the full monthly instalments between July 1st, 1932, through

December 1st, 1934, and in failing to pay any of the monthly instalments between January 1st, 1935, and October 1st, 1937. By reason of the breach of said contract the defendant has become indebted to petitioner in the sum of $1150, besides interest. . . Petitioner brings this action for the use of Mrs. Elizabeth W. Waxelbaum." The copy of the contract attached to the petition follows: "I, Joseph Waxelbaum, for and in consideration of the love and affection that I bear to my brother, David Waxelbaum, and in further consideration of the settlement of a controversy between myself and my said brother as to a claim he has made against The Waxelbaum Company, I hereby covenant and agree that beginning on the first day of January, 1905, and on the first day of each succeeding month thereafter, including the first day of May, 1905, that I will give to my said brother the sum of . . $50 . . per month as a monthly allowance, and thereafter on the first day of June, and on each succeeding first day of the month during our joint lives, I will make him a monthly allowance of . . $25 . . per month, payable at the Exchange Bank of Macon, Ga.; and on the death of my said brother David I will continue said allowance to his wife Elizabeth W. Waxelbaum for and during her widowhood, or for and during her natural life should she not remarry, payable as aforesaid at the Exchange Bank of Macon on the first day of each month. This allowance is to end and all obligations on Joseph Waxelbaum to cease on the death of the said David Waxelbaum and his said wife, or her remarriage, should she survive the said David, and the said obligation shall likewise cease on my death, but in lieu thereof, should I die before the said David, then I will make provision in my will by which . . $5000 . . in lieu of any allowance shall be put in trust for the said David during his life, and to his wife, the said Elizabeth W. Waxelbaum, during her widowhood or life should she survive the said David and not remarry; this gift being by me entirely a gratuity to the said David Waxelbaum, my brother." The instrument is under seal, dated March 4, 1905, and signed by "Jos. Waxelbaum" alone. On October 10, 1911, "Jos. Waxelbaum" acknowledged that he signed the writing before a notary public.

The defendant demurred to the petition, on the following grounds: 1. It "sets forth no cause of action against this defendant." 2. It appears from the petition and the copy of the

contract sued on that "David Waxelbaum, deceased, . . upon his death lost all interest in said contract, and . . from said contract that upon his death nothing thereunder inured to the benefit of his estate, or that his estate had any interest in said contract, or that petitioner as administrator of his estate has any interest thereunder or any right of action thereon either for the benefit of the estate . . or for the use of said Elizabeth W. Waxelbaum." 3. It appears "from said contract . . that said agreement on the part of defendant was nudum pactum, said contract expressly reciting that said payments were a gift on the part of defendant and entirely a gratuity to the said David Waxelbaum."

Was the contract a nudum pactum? Subsection 4 of § 20-704 of our Code reads: "The construction which will uphold a contract in whole and in every part is to be preferred, and the whole contract should be looked to in arriving at the construction of any part." Subsection 5 of the same section is: "If the construction is doubtful, that which goes most strongly against the party executing the instrument, or undertaking the obligation, is generally to be preferred." In 6 R. C. L. 847, § 236, this statement appears: "It has been laid down as elementary law that if two clauses of a contract are so totally repugnant to each other that they can not stand together, the first shall be received and the latter rejected." To the same effect is 13 C. J. 535, § 497. In *Newton* v. *Roberts*, 36 *Ga. App.* 156 (6) (136 S. E. 98), this court said: "In the instant case the negotiable promissory notes sued on recited that they were executed for 'value received.' Further on in each note was the statement: 'This note given for services, love and natural affection.' Conceding, but not deciding, that love and natural affection alone are not sufficient consideration to support the notes, they are supported by the other considerations recited therein, to wit, for 'value received,' and for 'services;' and the words 'love and natural affection' should be treated as mere surplusage." The contract in the instant case begins: "I, Joseph Waxelbaum, for and in consideration of the love and affection that I bear to my brother David Waxelbaum, and in further consideration of the settlement of a controversy between myself and my said brother as to a claim he has made against the Waxelbaum Company, I hereby covenant and agree," etc. "Compromises of doubtful rights are upheld by the public policy of this State and by the

decisions of this court, especially when they partake of the nature of family arrangements. The termination of family controversies affords a consideration which is sufficient to support a contract for such purposes. To render valid such a compromise agreement, it is not essential that the matter should be really in doubt; but it is sufficient if the parties should consider it so far doubtful as to make it the subject of compromise." *Preston* v. *Ham*, 156 *Ga.* 223 (119 S. E. 658). See also *Dickerson* v. *Dickerson*, 19 *Ga. App.* 269 (91 S. E. 346). Our view is that the consideration stated at the very beginning of the instrument is sufficient to support the contract, and that the following words at the conclusion of the instrument do not destroy or nullify the consideration so plainly stated: "this gift being by me entirely a gratuity to the said David Waxelbaum." It follows that the court did not err in holding that the contract was not a nudum pactum and overruling paragraph 3 of the demurrer. Paragraph 2 of the demurrer questions the right of George Carroll, as the administrator of the estate of David Waxelbaum, to bring the action for the use of Mrs. Elizabeth W. Waxelbaum, David's wife. Mrs. Elizabeth W. Waxelbaum first sued Joseph Waxelbaum on said contract in her own name. In that case the defendant demurred to the petition, on the ground that "no legal interest is vested in the petitioner under the agreement, and . . she has no right of action thereon in her own name." The court overruled the demurrer, and this court reversed the judgment. *Waxelbaum* v. *Waxelbaum*, 54 *Ga. App.* 823 (189 S. E. 283). After stating the general rule laid down in the Code, § 3-108 that an action on a contract "shall be brought in the name of the party in whom the legal interest in such contract is vested," the writer of that opinion stated that there were exceptions to the general rule and cited in that connection *Sheppard* v. *Bridges*, 137 *Ga.* 615 (74 S. E. 245), and *Shropshire* v. *Rainey*, 150 *Ga.* 566, 571 (104 S. E. 414), but held that "the present case does not come within any of the exceptions to the general rule." David Waxelbaum was a party to the contract, furnished the consideration for it, was the promisee therein, and had a direct legal interest in it; and our view is that George Carroll, as the administrator of his estate, was the proper party to bring the present action on the contract for the use of Mrs. Elizabeth W. Waxelbaum. We hold that the court did not err in overruling the demurrer to the petition.

*Judgment affirmed. Guerry, J., concurs. MacIntyre, J., concurs dubitante.*