33011.   SMITH *v.* NEVIN.

DECIDED OCTOBER 6, 1950.

*Heyman, Howell & Heyman, Hugh Howell Jr.,* for plaintiff in error.

*J. Connie Covington, John Yancey,* contra.

WORRILL, J. In the amendment to the motion for a new trial, the defendant complained because the court erred in directing the verdict for the plaintiff "for treble damages" and awarding attorneys' fees, because there was evidence which would have authorized the jury to find that the defendant was liable only in the amount of the excess rent paid over and above the maximum rent allowable; that it was a jury question as to whether or not the defendant charged the $75 per month wilfully or as the result of her failure to take practicable precautions against the occurrence of a violation of the law and of the Housing Administrator's regulations; and that the court erred in excluding certain evidence of the defendant concerning negotiations and communications with the Office of Price Administration looking toward an increase of the maximum rent allowable on the premises in question.

Briefly summarized, the evidence in the record which the de-

fendant contends would have authorized the jury to find that the defendant's overcharges were not wilful or the result of her failure to take practicable precautions against the occurrence of a violation was that brought out on cross-examination of the defendant by the plaintiff's attorney, when the defendant testified that she bought the apartment building in question in August, 1947; that at that time it was "under rent control," and the maximum rental allowed on the premises under consideration was $40 per month unfurnished; that after she had acquired the property she went to the Office of Price Administration and talked "with them" about spending about $2000 on the apartment; that she was given a petition and told that she would have to fill it out and state the entire amount spent on the apartment, and the amount spent on the building; and that the apartments would have to be registered, whether they were under the Office of Price Administration or not, and that the O. P. A. would have to pass upon "it"; that the maximum amount of rent on the apartment was $40 per month, unfurnished; that she did not then fill out and file the application because she had not at that time made the changes, but she started making the changes in October, tore out all the walls of the kitchen and bedroom, put in a new sink and new stove and a new floor, and carpeted the hallway; that the bills were considerably over $2000; that all this work was done before the plaintiff moved in; and that she filed an application for an adjustment in the rent after Mr. Nevin moved out.

The plaintiff in error (defendant) further contends that the court erred in refusing to permit her to introduce in evidence to the jury several exhibits relating to transactions between her and the Office of Price Administration subsequent to the time the tenancy of the plaintiff terminated. Special ground 3 of the amended motion for a new trial alleges that the trial court erred in striking from the evidence the following testimony of the defendant, also given while she was on cross-examination by the plaintiff's attorney: "I asked her if I tore out the walls and did something to the plumbing, would I be out of the O. P. A., and she said 'Yes, if the walls were torn out and plumbing changed.' " This testimony related to the conversation between the defendant and a representative of the O. P. A. prior to the date of the renting of the premises to the plaintiff.

We think that the trial court erred in excluding this testimony, as complained of in special ground 3, and in thereafter directing the verdict for the plaintiff for a sum greater than simple damages or the amount of the overcharge; and that the case should have been submitted to the jury, at least that it might determine the question of the good faith or wilfulness of the defendant's actions. Section 205 of the Housing and Rent Act of 1947 (Laws of 80th Congress, 1st Session, Chap. 163, p. 199; 50 U. S. C. A., App. Supp., § 1895)˙ provides: "Any person who demands, accepts, or receives any payment of rent in excess of the maximum rent prescribed under section 204 shall be liable to the person from whom he demands, accepts, or receives such payment, for reasonable attorney's fees and costs as determined by the court, plus liquidated damages in the amount of (1) $50, or (2) three times the amount by which the payment or payments demanded, accepted, or received exceed the maximum rent which could lawfully be demanded, accepted or received, whichever in either case may be the greater amount: *Provided,* That the amount of such liquidated damages shall be the amount of the overcharge or overcharges if the defendant proves that the violation was neither wilful nor the result of failure to take practicable precautions against the occurrence of the violation. Suit to recover such amount may be brought in any Federal, State, or Territorial court of competent jurisdiction within one year after the date of such violation." In West *v.* Winston, and Elliott *v.* Winston, 8 F.R.D. 311, it was held that, "Before a defendant can be held liable for treble damages, he must be given an opportunity to prove 'that "the violation . . was neither wilful nor the result of failure to take practicable precautions against the occurrence of the violation." ' " We think that this is the only interpretation of this section reasonably permissible, and that, as applied to the case at bar, the defendant should have been permitted to testify as to her version of the facts of the case and the case submitted to the jury for determination of her good faith in the matter, and whether or not the defendant's violation of the maximum rent ceiling was wilful or the result of her failure to take practicable precautions against the occurrence of the violation.

It is a principle of law inseparable from our jurisprudence

that questions of damages and compensation for the injury done are for the jury. *O'Quinn* v. *Douglas, Augusta & Gulf Ry.,* 7 *Ga. App.* 309(3) (66 S. E. 810); *Central of Ga. Ry. Co.* v. *Cowart & Son,* 38 *Ga. App.* 426(2) (144 S. E. 213). And this would seem to be more particularly true where the damages sought to be obtained are in the nature of a penalty. Furthermore, questions of good and bad faith are always for the jury. *Guernsey, Bartram & Hendrix* v. *Shellman,* 59 *Ga.* 798, *Patterson & Co.* v. *Peterson,* 15 *Ga. App.* 680(4), 683, 684 (84 S. E. 163). For these reasons we think that the trial court erred in directing the verdict for the plaintiff for damages in excess of the amount of the overcharge shown by the evidence, and in allowing attorney's fees; and, since the evidence excluded and complained of in special ground 3 directly related to the question of good faith, the trial court erred in excluding it.

2. The grounds of the motion for a new trial complaining because the trial judge excluded the evidence sought to be introduced by the defendant, showing transactions and communications with the Office of Price Administration after the plaintiff had moved from the apartment, and showing that rent increases were granted after that time, are not meritorious, since the evidence was not material to the issues before the court, and it was not error to exclude it.

*Judgment reversed. Sutton, C.J., and Felton, J., concur.*