## 33411. ARNOLD v. JOHNSTON.

DECIDED JUNE 12, 1951.

*Jesse W. Walters,* for plaintiff in error.

*Roland M. Arthur,* contra.

MacIntyre, P. J.  Where, in an action on a promissory note, the defendant maker of the note admits a prima facie case and as a defense pleads an express covenant not to sue, and it appears from the evidence introduced before the judge without the intervention of a jury, that, at the time the note was executed and delivered by the defendant to the plaintiff, the following memorandum, signed by the defendant, was written on the back of the note:  "This note is not a mortgage on any property or personal belongings of the signee [signor?] and it is agreed that in no event will it be sued," and it also appears that the plaintiff knew of the presence of such memorandum on the note and had had it explained to her by the defendant before her acceptance of the note, her action in accepting the note under such circumstances made the memorandum so much a part of the note as to estop her to deny that she agreed not to sue on the note. "The meaning placed on the contract by one party, and known to be thus understood by the other party, at the time, shall be held as the true meaning."  Code, § 20-703.  The debt for which the note was given was already barred by the statute of limitations at the time the note was executed, and the defendant's agreement to execute the note containing the covenant not to sue was sufficient consideration for the plaintiff's agreement not to sue on the note.  See *Martin* v. *Monroe,* 107 *Ga.* 330, 333 (33 S. E. 62), where it is said:  "If a covenant never to sue is relied upon as a release of a pre-existing obligation to pay, then such covenant would not be binding unless founded upon a sufficient consideration; but this is not true when the covenant never to sue comes into existence contemporaneously with the obligation to pay."

The note, containing the covenant not to sue, was not such a new promise, within the contemplation of Code § 3-904, as to revive or extend the original liability, which, as we have said, was barred by the statute of limitations, and whether, under the pleadings and evidence, this case be considered as one on

the note or on the original agreement, the plaintiff was not entitled to verdict in her favor, and the court erred in overruling the motion for a new trial.

*Judgment reversed. Gardner and Townsend, JJ., concur.*