33830. TAYLOR *v.* ESTES.

DECIDED FEBRUARY 28, 1952—REHEARING DENIED MARCH 19, 1952.

*Briggs Carson Jr.,* for plaintiff in error.
*John Henry Poole,* contra.

WORRILL, J. (After stating the foregoing facts.) ■ Special grounds 1 and 2 of the motion for a new trial assign error on the admission of certain testimony, on the ground that it sought by parol evidence to change the terms of a written contract. Special ground 3 objects to the following charge: "As a general rule of law, parol testimony can not vary or alter the terms of a written contract.. However, if there is any ambiguity or uncertainty in a written contract, it is for the jury to determine, from a consideration of all of the evidence, just what the purpose, intention and design of the parties were"—on the ground that it was the duty of the court to construe the contract and exclude all parol testimony given for the purpose of altering a contract in writing. It is true that, in the absence of fraud, accident, or mistake, parol evidence is inadmissible to vary, alter, or contradict the terms of a complete and unambiguous written contract. (Code, §§ 20-704 (1), 38-501; American Sumatra Tobacco Corp. v. Willis, 170 Fed. 2d, 215, 217. However, parol evidence is admissible to explain all ambiguities, (Code, §§ 20-704 (1), 38-502), the question as to what was intended being an issue of fact for the jury. *Tarbutton* v. *Duggan*, 45 *Ga. App.* 31 (7) (163 S. E. 298). "Ambiguity in a contract may be defined 'as duplicity, indistinctness, an uncertainty of meaning or expression.' See *Novelty Hat Mfg. Co.* v. *Wiseberg*, 126 *Ga.* 800 (55 S. E. 923)." *Tarbutton* v. *Duggan*, supra. The uncertainty of meaning in the contract here brings it within the definition of an ambiguous one, and, hence, it was proper for the court to admit evidence to clarify the meaning of the ambiguous document and to charge that it was for the jury to determine from all of the evidence the purpose, intention, and design of the parties.

■ Special ground 4 assigns error on the following charge: "If you should find in favor of the plaintiff, Mrs. Nancy T. Estes, the form of your verdict would be: 'We the jury find in favor of the plaintiff, Mrs. Nancy T. Estes.' In which event, she would recover the amount sued for in the petition." It is contended that the charge "is unsound as an abstract proposition of law, in that the petitioner sued for, and was awarded by the verdict of the jury, $100 as attorney's fees; whereas, there is no provision for the same by law." "The expenses of litigation are not generally allowed as a part of the damages; but if the defendant

has acted in bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them." Code, § 20-1404. The intent of the law, as shown by the words, "the jury may allow them," is to leave the matter of expenses of litigation to the jury trying the case. *Patterson & Co.* v. *Peterson,* 15 *Ga. App.* 680 (84 S. E. 163). Consequently, the court erred in directing the jury to find any sum for attorney's fees. "The plaintiff, by merely paying a given amount to his attorney, could not bind the defendants for this amount unless there were some evidence that the amount so paid was reasonable, and unless it was found so to be by the jury trying the case." *Patterson & Co.* v. *Peterson,* supra.

■ The verdict for $250 plus 7% interest is supported by the evidence, and other than the court's instruction that, if the jury found for the plaintiff, it should be for the amount in the petition, which amount included attorney's fees, there is no error of law.

*Judgment affirmed with direction that the plaintiff write off from the judgment the $100 allowed as attorney's fees; otherwise, the judgment stands reversed. Sutton, C. J., concurs.. Felton J., concurs specially.*

FELTON, J. concurring specially. I concur in the judgment for the reason that in my opinion there was no definite and binding agreement for the sale of the property nor a definite and binding option contract, and the plaintiff was entitled to a return of her deposit. I do not think that any of the written agreements, the purported contract, or checks were ambiguous as to any subject covered by them, and the evidence involved in the ruling added to and varied the written instruments.