35123.   COWART *et al.* v. BUDREAU.

DECIDED MAY 25, 1954—REHEARING DENIED JUNE 29, 1954.

G. B. *Cowart*, for plaintiffs in error.
*Anton F. Solms, Jr.,* contra.

FELTON, C. J. ▇ We think that the court erred in sustaining the general demurrer to the first count and to the petition as a whole. The contract between the parties is as follows: "I, John M. Budreau of Savannah, Georgia, hereby employ the firm of Cowart & Cowart of Darien, Georgia as attorneys at law to represent me in setting aside the trust created and set up in the will of my father, the late J. L. Budreau. It is agreed and understood that said attorneys are accepting this case on a contingent basis and in the event they are successful in setting aside this trust I agree to pay them the sum of $12,500. It is further agreed that in the event they are not successful in setting aside the trust, I do not owe them anything." The petition alleges in paragraph 5 that the intention of the parties and the import of the contract were that the petitioners were to secure for the defendant his share of the estate. In paragraph 12 of the petition it is alleged that, as a result of the suit already brought

and by reason of the threat of another suit, the defendant obtained his share of the estate. We agree with the defendant in error on the proposition that, if the decision of the Supreme Court means that the defendant could not have by legal action possibly forced the trustees and executors to turn his share of the estate over to him in fee simple and that the only way he could have acquired his share was through the uncontrolled discretion of the trustees, the plaintiffs in this case could not recover. See *Budreau* v. *Mingledorff*, 207 *Ga.* 538 (63 S. E. 2d 326). The action in the above case was based on the theory that there was no valid trust for the defendant in this case. The court held that there was a valid trust for the reason that the law permits a trust for one sui juris and laboring under no disabilities if it is based on a valid trust for the remainder. There was a valid trust for the remainder in any event. If the trustees found in the exercise of a sound and bona fide discretion that the defendant was incapable of managing his estate, they had to hold the estate in trust to ascertain who would finally take the remainder. Furthermore, the trustees were compelled to hold the life estate and the remainder in trust for such time as was necessary to determine whether the defendant was capable of managing his affairs, even if they finally decided that he was. In either event the trusts were good, as in either case future events had to occur before it could be ascertained who took the remainder. The ruling by the Supreme Court to the effect that the trust was executory and that the fee-simple title to the defendant's share of the estate did not immediately pass to him does not mean, however, that the defendant could not by another action have obtained his share of the estate in fee simple by showing that he was capable of managing his own affairs and that the trustees abused their discretion in not turning it over to him. If such a discretion as the trustees had in this case was abused, equity could compel the faithful execution of the trust. Code § 37-606; *Budreau* v. *Mingledorff*, supra. In support of his allegations, the plaintiff might prove that such an action would have been successful if he had been permitted to file it, and that the spirit of the agreement would have been complied with if as a result of the efforts of the plaintiffs the defendant was able to attain the real result desired, namely the

acquisition of his share of the estate. We do not think that the expression "to set aside the trust" is susceptible to only one construction, to wit, to procure a judicial determination that the trust was invalid. We think that the expression could be used to mean that the fee would be earned if the services of the plaintiffs resulted in the defendant's procuring his share of the estate, regardless of how it was accomplished, if that was really the intention of the parties. *Tarbutton* v. *Duggan*, 45 *Ga. App.* 31 (4) (163 S. E. 298); *A. C. Alexander Lumber Co.* v. *Bagley*, 184 *Ga.* 352 (191 S. E. 446). The first count set forth a cause of action for breach of the contract.

■ The court did not err in sustaining the general demurrer to the second count for the reason that the allegations of that count show that, if there is a cause of action at all, it is for breach of the contract.

*Judgments affirmed in part and reversed in part. Quillian and Nichols, JJ., concur.*