JOHN DREWEN, ADMINISTRATOR *CUM TESTAMENTO ANNEXO* OF THE ESTATE OF DORIS RYER NIXON, DECEASED, PLAINTIFF-APPELLANT, v. BANK OF THE MANHATTAN COMPANY OF THE CITY OF NEW YORK, EXECUTOR AND TRUSTEE OF THE LAST WILL AND TESTAMENT OF STANHOPE WOOD NIXON, DEFEND-ANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued April 20, 1959—Decided May 4, 1959.

332

Before Judges PRICE, SULLIVAN and FOLEY.

*Mr. John R. Kelly* argued the cause for appellant.

*Mr. Douglas M. Hicks* argued the cause for respondent (*Messrs. Hicks, Kuhlthau, Molineux & Nagle,* attorneys).

*Mr. Joseph M. Kraft* on the brief.

The opinion of the court was delivered by

SULLIVAN, J. A. D. The complaint filed herein seeks the enforcement of a written contract made for the benefit of a third-party donee beneficiary. On defendant's motion, the trial court dismissed the suit on the ground that plaintiff had no legal standing to maintain the action.

Plaintiff is the administrator with the will annexed of the estate of Doris Ryer Nixon, deceased. She died in January 1948, a resident of the State of California. Defendant is the executor and trustee of the last will and testament of Stanhope Wood Nixon who died in January 1958, a resident of the state of New Jersey.

Stanhope Wood Nixon and Doris Ryer Nixon were married to each other in 1917. Two children, Lewis and Blanche, were born of the marriage. Unfortunately, matrimonial difficulties developed between husband and wife to the point where, in contemplation of a divorce which was subsequently had, they entered into a contract dated July 27, 1945, compromising, settling and determining their respective rights in each other's property.

By the terms of said agreement the husband agreed not to change the provisions of his then will so as to reduce the quality or quantity of his estate therein bequeathed and devised to the two children of the parties and their issue. The will referred to, bears even date with the July 27, 1945 agreement.

As has been noted, Doris Ryer Nixon, the mother, died in 1948 in California. In 1951 the father executed a new will and made changes in the provisions for the two children. Blanche Nixon, the daughter, died without issue, in 1955.

Stanhope Wood Nixon, the father, died in January 1958, and his 1951 will has been probated in Middlesex County. The son, Lewis Nixon, survives.

The complaint filed herein charges that the 1951 will of defendant's decedent drastically alters, diminishes and reduces the benefits, devises and bequests to the children in violation of the July 27, 1945 agreement. It is argued that under the provisions of the father's 1945 will which were rendered irrevocable by the July 27, 1945 agreement, the son as the sole surviving child would take, more or less outright, 60% of his father's estate. Under the 1951 will which has been probated as the father's last will and testament, the son and his issue receive the income for life of 60% of the estate. On termination of said life estates, the 60% goes to named charities.

The complaint seeks an adjudication that the agreement of July 27, 1945 is binding on the father's estate and that he had no power to change the terms of his 1945 will insofar as the provisions for the children are concerned. The complaint asks that defendant-executor and trustee, notwithstanding the provisions of the 1951 will, be directed, "to administer the estate of decedent and to make distribution thereof in conformity with the terms and provisions respectively of the said contract of July 27, 1945, and of the will of the said Stanhope Wood Nixon bearing the date last aforesaid"; and that the 1951 will be reformed accordingly.

From the recital above given it can be seen that the sole purpose and aim of this suit is to secure for the son, Lewis Nixon, a larger share of his father's estate than is bequeathed to him under the 1951 will. He is the only person who will benefit in any way by this action. This is not a suit to collect assets and turn them over to the son. No benefit could come to the mother's estate, even if the suit were successful. The son is not a party to this action so that there is no way of knowing his stand on the matter.

Even if Mrs. Nixon in her lifetime could have brought an action for breach of the contract, it does not

follow that the representative of her estate may do so. Neither the agreement of July 27, 1945 nor the will of Doris Ryer Nixon contain any such provisions. Plaintiff, as administrator with the will annexed, has only the powers and duties that are conferred upon him by law. Generally speaking, he is to administer his decedent's estate by collecting assets, paying debts and making distribution according to law. This suit falls into none of the above categories. It is perfectly true that an administrator with the will annexed may commence suit to recover estate assets or their equivalent. *N. J. S.* 3A:6–46 empowers him to do so. This action, however, seeks to recover nothing for plaintiff's estate. While no direct ruling seems to have been made in New Jersey on the right of an estate representative to maintain suit under these circumstances, it has been held that the duties of an executor are to collect the effects of a decedent, to pay claims against the estate and to distribute to those entitled thereto, and that an executor has no standing to bring a suit to enforce a charitable trust created by the decedent. *First Camden National Bank & Trust Co. v. Hiram Lodge etc.,* 134 *N. J. Eq.* 303 (*Ch.* 1944), affirmed 135 *N. J. Eq.* 505 (*E. & A.* 1944). In that case the court held that the executor, as such, had no interest in the outcome of the litigation and therefore had no right to bring suit. See also *Abiera v. Orin,* 8 *Philippine* 193 (*Sup. Ct.* 1907).

 Where the right of the third-party beneficiary to bring suit is not recognized or is doubtful, some courts in other jurisdictions have permitted the representative of the deceased promisor's estate to maintain an action for breach of contract. *Waxelbaum v. Carroll,* 58 *Ga. App.* 771, 199 *S. E.* 858 (*Ct. App.* 1938); *Calland, Executor, v. Hoyt,* 78 *Me.* 355, 5 *A.* 775 (*Me. Sup. Jud. Ct.* 1886). Otherwise the promisee might, after the death of the promisor, breach his contract with impunity. In New Jersey, however, a third-party beneficiary is permitted to sue for breach of contract, *N. J. S.* 2A:15–2, and the right of Lewis Nixon,

the son herein, to sue his father's estate for the same alleged breach of contract is unquestioned. The presence of an *in terrorem* clause in the father's will is no legal bar to bringing suit, and as plaintiff states in his brief, "Cogent and plausible, at least, would appear to be the counseling that such a provision is, in these circumstances, vitiated by its fraud, legal or equitable, or both."

Plaintiff contends that Doris Ryer Nixon's estate has a property right in the contract on which suit has been commenced and that such property did not pass under Mrs. Nixon's will but remains indefinitely in her executor or administrator. The weakness of this argument is apparent. Plaintiff has not shown that his decedent's estate has any legal interest in this litigation. As administrator with the will annexed, he has shown no right, power or duty to maintain this action. The dismissal of the complaint by the trial judge is therefore affirmed.