A98A0263. WILBANKS et al. v. MAI.
(501 SE2d 513)

Judge Harold R. Banke.

Tim Wilbanks and Robin Wilbanks (the "Wilbankses") entered into an asset purchase agreement to buy Tham Thi Mai's dry cleaning business. This dry cleaning business operated from two locations, both of which Mai leased from third parties. The purchase agreement provided that prior to the closing date, "Seller [Mai] shall obtain the Consent of the Landlord to the Sublease." At the time of the closing, the Wilbankses and Mai executed written subleases for each location.

Shortly after purchasing the business, the Wilbankses began to demand that Mai provide them with written consents to sublease from the respective landlords. They also unsuccessfully attempted to obtain written subleases directly from agents of the property owners. According to Tim Wilbanks, after one landlord locked them out of their business at one location, they refused to pay any more on the notes or the rent.

It is undisputed that both of Mai's leases required the landlord's prior written permission to sublet the premises to another party. The record evidence shows that the commercial property managers for both sites refused to lease directly to the Wilbankses but had no objection to subleasing the premises to the Wilbankses provided that they pay the rent on time. One agent testified that over the entire five-month period at issue, the Wilbankses either paid the monthly rent late or not at all.

Less than six months after executing the purchase agreement, the Wilbankses, by letter, attempted to rescind the contract and

tender the business back to Mai and demanded the refund of all their money. Notwithstanding their irregular payments on the rent and failure to make any payments to Mai, the Wilbankses sued Mai for fraud and rescission based on Mai's alleged nonperformance in failing to obtain written subleasing agreements from her landlords.

In support of her motion for summary judgment, Mai testified that prior to closing both parties knew the main leases were to remain in her name because the Wilbankses could not qualify for a separate sublease with each landlord. She offered the affidavits from agents of the two property management companies in which the agents acknowledged that they verbally consented to the Wilbankses' occupation of the premises and knowingly and willingly accepted rent from the Wilbankses.

The trial court determined that Mai satisfied the terms of the purchase agreement by obtaining the verbal consent of her landlords since the sales agreement did not specify that the consent had to be in writing. The Wilbankses appeal. *Held*:

In their sole enumeration of error, the Wilbankses contend that a material issue of fact remains unresolved as to whether Mai was contractually obligated to supply them with written subleases. We disagree. Absent ambiguity, the construction of a written contract under OCGA § 13-2-1 is a question of law for a trial court. *Castellana v. Conyers Toyota*, 200 Ga. App. 161, 165 (2) (407 SE2d 64) (1991). Ambiguity means " 'duplicity, indistinctness, an uncertainty of meaning or expression.' " *Tarbutton v. Duggan*, 45 Ga. App. 31, hn. 5 (163 SE 298) (1932).

In this case, there is no ambiguity. The written terms plainly obligated Mai to obtain "the consent" of her landlords but did not specify that she obtain the landlords' written consent. Because the words in this contract are plain and obvious, they must be given their literal meaning and no new terms can be inserted. See *U. S. Fire Ins. Co. v. Capital Ford &c.*, 257 Ga. 77, 79 (1) (355 SE2d 428) (1987). Notwithstanding the Wilbankses' assertion that they were entitled to written subleases, nothing in the contract required that Mai obtain such written consent from her landlords. See *Foshee v. Harris*, 170 Ga. App. 394, 395 (317 SE2d 548) (1984) (construction and interpretation of a written, unambiguous contract is peculiarly well suited for summary adjudication).

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED APRIL 1, 1998 —
RECONSIDERATION DENIED APRIL 14, 1998.

*Rodney S. Zell*, for appellants.
*Ferguson & Saunders, Robert A. Nephew*, for appellee.