32043. MUTUAL LIFE INSURANCE COMPANY OF NEW YORK *v.* CAMP.

Decided June 5, 1948.

*Grover Middlebrooks, William S. Shelfer, Louis W. Dawson,* for plaintiff in error.

*David Gershon,* contra.

FELTON, J. ■ We think the trial and appellate courts rendered correct judgments. The two contracts which the plaintiff entered into with the company were prepared by it and if there is any doubt about their meaning they will be construed against the company. In the circumstances above stated the contracts in question are related, since the plaintiff changed his relationship with the company by going from one kind of contract to another. The solution to the question involved is the correct interpretation of the provision in the last, the commission contract, which provides: "The company will pay you commis-

sions . . on premiums paid to and accepted by the company . . on policies secured and established by you, subject to the provisions of this contract." There is a similar provision in the incentive earnings contract. The meaning in that contract would seem to be that commissions would be paid on policies secured *and* established under that contract, for the reason that they could be secured and established in no other way. But the meaning of the commission contract is different and the obligation of the company is to pay the commission on premiums paid to and accepted by the company on policies secured and established by the underwriter regardless of when they were secured, for the reason that if an agent wrote and delivered a policy under the first contract, he could not be equitably deprived of his commission simply because he secured the policy under the first contract and established it under the second. The important thing to all concerned is the payment of the first premium and that factor determines the rights of the agent under the commission contract and not the time of the securing of the business. The liability of the company to the agent for the first year's commission accrues when the first premium is paid, whether by the agent or the insured. The company's contention that the agent is not entitled to the first or renewal commission simply because the policies here were secured during the life of the first contract, which became ineffective when the second contract was signed, and only established during the period of the second contract, is without merit. The agent under the second contract does not have to both secure *and* establish the policy during the period of the latter contract. A policy is established, as stated, when the first premium is paid to the company and it does not matter when it was secured so long as the agent claiming the commission secured it. The courts below correctly interpreted the commission contract. The finding by the trial court and its affirmance by the appellate division were correct.

■ The insurance company contends that the plaintiff below is estopped to claim the commission sued for by his acceptance of the check for $14.30 refund, which had attached to it a warrant stating, "See Accounting Division's letter of 6/26/46," the contention being that the accounting division's letter showed that the plaintiff was not entitled to commissions under the last

contract.  Assuming that the letter meant what the company contends, it was an interoffice letter, from one branch of the company to another and the plaintiff was not charged with knowledge of its contents.  The statement on the warrant was for the benefit of the company's auditors and officials and placed the plaintiff under no duty to read the letter.  He was justified in relying on the letter in which the refund check was enclosed, stating what the refund was for.  The court did not err in excluding the accounting division letter.

The judgment of the Appellate Division of the Civil Court of Fulton County, affirming the judgment of the trial court, is affirmed.

*Judgment affirmed.  Sutton, C. J., and Parker, J., concur.*