39797.   HOWKINS v. ATLANTA BAGGAGE & CAB COMPANY et al.

DECIDED NOVEMBER 15, 1962.

*Paul C. Myers, Eugene O'Brien,* for plaintiff in error.

*Candler, Cox, McClain & Andrews, Edward Andrews,* contra.

HALL, Judge. ■ In granting the plaintiff's motion for summary judgment against the defendant and leaving the amount of the damages to the jury, the trial court necessarily determined that the defendant breached the contract in permitting his employee to drive the rented automobile and consequently that the amount of damages was not limited to $100 under paragraph 7 of the contract quoted above. The plaintiff contends that the contract unambiguously prohibited the automobile being driven by the defendant's employee, calling special attention to paragraph 10(f), which provides: "The Renter agrees that the motor vehicle leased to him shall not be operated by any person other than (A) the Renter who signed this rental agreement, or (B) any additional Renter who signed this agreement, or (C) with the written consent of the Lessor." Paragraph 10(j) provides: "The Renter expressly agrees that the motor vehicle leased to him shall not be operated . . . by a Driver outside his usual and customary employment by the Renter, or by a Driver outside the regular and usual employment of the Renter." We cannot look at either paragraph 10(f) or paragraph 10(j) alone to determine the intent of the contract. If we looked at paragraph 10(f) alone, we could conclude that the person who signed the contract agreed not to permit an employee to drive. If we looked at paragraph 10(j) alone we could conclude that the contract contemplated that employees of the renter were permitted to drive the car in their usual and customary or regular employment. This subparagraph places limitations on the purposes for which a renter's employee may use the car in addition to the use limitations placed on the renter

by subparagraphs (a), (d), (e) and (i) of paragraph 10. When we look at the contract as a whole, we cannot agree that it is unambiguous. The terms "Renter" and "Driver" are used, but the only places where the terms are in any way defined are at the beginning of the agreement, quoted above, and in paragraph 9: ". . . the Renter or Driver (employee of Renter) . . ." This portion of paragraph 9 and paragraph 10(j) indicate that it was contemplated that the contract authorized an employee of the renter to drive. While the plaintiff contends that the renter is not entitled to have his employee drive the vehicle unless the employee has signed the contract as an additional renter, the contract in no way attempts to define the term "Additional Renter." There is no language in the contract that states positively that a "Driver (employee of Renter)" must sign the contract or have the written consent of the lessor, or that the renter cannot operate the vehicle through an employee.

The record shows that this "Standard Rental Agreement" of Avis Rent-A-Car System was executed on a form 3⅝" x 8⅞" having on one side 12 paragraphs in fine print (paragraphs 10, 11, and 12 having a heading in larger print), and on the other side a form with spaces for certain information to be filled in, including the name, home address, firm name, firm address, and driver's license number of the renter, and lines for "Signature of Renter" and "Additional Renter." Under these lines for signatures is the following: "(subject to terms and conditions on page 1, also printed on reverse side)." Obviously this is a contract which was prepared by experts at the instance of the lessor and adhered to by the renter, who had no voice in its preparation. If there is any doubt about its meaning it must be construed against the lessor. *Johnson v. Mutual Life Ins. Co.*, 154 Ga. 653, 656 (115 SE 14); *Moorefield v. Fidelity Mut. Life Ins. Co.*, 135 Ga. 186 (69 SE 119); *Hill v. John P. King Mfg. Co.*, 79 Ga. 105, 109 (3 SE 445); *Mutual Life Ins. Co. of N. Y. v. Camp*, 77 Ga. App. 288, 290 (48 SE2d 493); *Johnson v. U. S. Fidelity &c. Co.*, 93 Ga. App. 336, 341 (91 SE2d 779); *Continental Life Ins. Co. v. Wells*, 38 Ga. App. 99 (142 SE 900). It should be construed favorably to the renter as it could have been reasonably understood by him. *Loftin v. United States*

*Fire Ins. Co.*, 106 Ga. App. 287, 294 (127 SE2d 53).

Considering the construction less favorable to the lessor, we are unable to say as a matter of law that the defendant breached the contract in permitting his employee to drive the car. The trial court erred therefore in granting the plaintiff's motion for summary judgment holding as a matter of law that the defendant was liable.

■ In support of its general demurrer to the petition the defendant argues that paragraph 7 of the contract, which the plaintiff alleges the defendant breached, imposes no liability greater than that imposed by common law on the defendant for damages to the bailed automobile while in the bailee's possession. At common law in a bailment for the mutual benefit of the parties the bailee is liable only for damages caused by his failure to exercise ordinary care. *Renfroe v. Fouche*, 26 Ga. App. 340 (106 SE 303); *Loeb v. Whitton*, 77 Ga. App. 753, 755 (49 SE2d 785). But a contract enlarging or diminishing the bailee's common law liability will be given effect. *Fain v. Wilkerson*, 22 Ga. App. 193 (95 SE 752); *Wilensky v. Martin*, 4 Ga. App. 187, 190 (60 SE 1074); St. Paul Fire &c. Ins. Co. v. Charles H. Lilly Co., 46 Wash. 840 (286 P2d 107); Sun Printing &c. Co. v. Moore, 183 U.S. 642, 654 (22 SC 240, 46 LE 366); 8 CJS Bailments, §§ 22, 26(c,d); 6 Am. Jur. 300, § 183; Anno. 150 ALR 269.

Since paragraph 7 of the present contract provided that the defendant should be liable for damages to the automobile regardless of his fault, the trial court did not err in overruling the defendant's general demurrer.

■ We do not pass on the assignment of error on the order denying defendant's motion for summary judgment, as such order is not subject to review. *Code Ann.* § 110-1208.

*Judgment reversed on assignment of error discussed in Division 1; affirmed on assignment of error discussed in Division 2. Felton, C. J., and Bell, J., concur.*