## 52007. STEPHENS v. PARRINO & WARE.

McMURRAY, Judge.

This case involves an employment contract for professional services between two dentists.

The employer was P. A. Parrino, D.D.S., P.C., and the employee was Dr. Larry H. Stephens. The contract provided a salary as percentages of "charges" for services rendered payable for professional service Dr. Stephens rendered patients and charges against said services of a certain percentage of all laboratory fees and compensation for a dental assistant.

The contract was eventually terminated and the employer sues for certain medicaid payments payable in the name of the employee, some of which are now due, and other payments which have been paid to the defendant. Plaintiff prayed for a money judgment and the right of possession of certain dental records which the defendant allegedly took with him on termination in violation of the agreement.

Defendant answered, denying any indebtedness to plaintiff, and alleges he was entitled to a copy of any records, histories, and reports, and same are his property

and not the plaintiff's property. Defendant also sued by counterclaim for a money judgment against the plaintiff for funds due him.

A trial by the judge without a jury was held, and the court rendered its findings of fact and conclusions of law, finding for the plaintiff $5,594.20. Defendant appeals. *Held:*

1. The first enumeration of error complains that the trial judge erroneously interpreted the payment method in the contract to mean that amount which plaintiff billed for services less bad debts. The parties were in disagreement as to whether defendant was *to be paid 60% of charges for services rendered less the set-off for bad debts.* The court stated that the contract was poorly drawn. But the court considered the evidence in which the defendant had made certain allowances for known bad debts when he submitted calculations to the bookkeeper. The court then ruled the defendant understood that his charges would be decreased by bad debts. The court then found that the defendant had been actually paid more than that to which he was entitled, not counting the medicaid payments received by the defendant.

2. The cardinal rule of construction as to a contract is to ascertain the intention of the parties by looking to the "four corners" of the contract. The question as to what was intended is generally an issue of fact for the jury or the trier of facts, under the evidence. See *Tarbutton v. Duggan,* 45 Ga. App. 31 (7) (163 SE 298); *Pinkerton & Laws Co. v. Atlantis Realty Co.,* 128 Ga. App. 662 (3) (197 SE2d 749).

3. Defendant contends that the contract was vague and indefinite and when ambiguities exist in the contract drafted by the plaintiff, it should have been construed most strongly in defendant's favor. The court did find the contract was "poorly drawn," but adopted a construction most favorable to the one who drew the contract. Compare *Johnson v. Mutual Life Ins. Co.,* 154 Ga. 653 (1, 2) (115 SE 14); *Howkins v. Atlanta Baggage &c. Co.,* 107 Ga. App. 38 (1), 42 (129 SE2d 158). The court contended it sought to ascertain the true intention of the parties by looking at the evidence. But it should have considered the "four corners" of the contract. The word "charge" is entirely

different from the word "collection" which is found nowhere in the contract. The court could not change the verbiage of the contract to mean 60% of the sums collected. The court erred in awarding plaintiff the sum of $1,072.20 as overpayment due to bad debts. Rather, defendant was entitled to an additional sum of $958.80 as to his entire charges less expense (60% of $90,213 (charges) = $54,127.80 - $6,997 (costs); or $47,130.80 - $46,172 (amount actually paid) = $958.80).

4. However, it is admitted defendant has received $4,522 in medicaid payments to which the court finds he was not entitled. Reducing this amount by $958.89 leaves the sum of $3,563.20 which was actually due plaintiff.

5. The second enumeration of error contends the court erred in allowing the "accountant" to testify because he was not a certified public accountant or public accountant under Code Ann. Ch. 84-2. The court did not err in considering the witness as an expert in accounts and bookkeeping and holding that the requirements of Code Ann. § 84-215, requiring the registration of public accountants, did not apply to this witness who was privately employed. The court held that the testimony showed that this witness was the business manager in the office, and financial advisor (bookkeeper or expert in accounts). There is no merit in this complaint. *Knight Drug Co. v. Naismith,* 73 Ga. App. 793 (38 SE2d 87), is not controlling here. Nor would the fact that he was unlicensed prevent him from testifying as to his knowledge of the circumstances. There is no merit in this complaint.

6. A new trial will be necessary under Divisions 3 and 4 unless plaintiff elects to receive the reduced amount of $3,563.20 as shown within 10 days after the return of the remittitur. If plaintiff does accept this amount, the court is directed to amend its judgment accordingly, and the judgment shall stand affirmed with this direction; otherwise, reversed.

*Judgment affirmed with direction; otherwise reversed. Pannell, P. J., and Marshall, J., concur.*

SUBMITTED APRIL 7, 1976 — DECIDED MAY 13, 1976.

*Rogers, MaGruder & Hoyt, Joseph M. Seigler,* for appellant.

*Jackson B. Harris, Horace T. Clary,* for appellees.