62042. TUMO CONSTRUCTION, INC. v. LASKY et al.

DEEN, Presiding Judge.

Tumo Construction, Inc. appeals from a judgment of $3,495.00 which was entered following a trial before a judge sitting without a jury.

On July 3, 1977, the Laskys contracted with Tumo to purchase a house and lot. The construction work was done by Tumo. Special Stipulation 7 of the contract provided: "Seller warrants all materials and workmanship on subject property against defect and malfunction for a period of 12 months from the date of closing. This warranty is intended to survive the closing and shall not merge with the deed." Special Stipulation 8 provided: "Seller agrees to complete all workmanship and landscaping including reseeding, on subject property, prior to date of closing, and to deliver subject premises in a 'turn key' condition at closing." At the August 22, 1977, closing the premises were determined by the parties not to be in a "turn key" condition because they prepared a list of items remaining to be completed. Item 9 of the list provided: "Complete landscaping and eliminate mud wash problem on driveway." The list was marked "O.K." at the bottom and signed by "R. Tulley," Tumo's president.

The evidence showed that the Laskys' lot was in the path of drainage water from nearby Blackjack Mountain and other lots in the subdivision. The contractor was aware of the problem before closing and agreed to the ninth item on the list which was a promise to cure the problem. Apparently every heavy rainfall would cause the water to cut across the front lawn and leave a large deposit of mud in the driveway. Tumo made several attempts to fill in the channel created by the water by filling in the channel with dirt and reseeding the lawn. The seeds, however, failed to become established and were washed out each time it rained hard. Efforts were also made to block the path of the water through the use of bales of hay, but this effort was also unsuccessful. Railroad ties were successfully used to block the flow of

the water from the Laskys' lot to a neighbor's, but they did not alleviate the mud problem for them. Appellees made repeated telephone and personal requests to Tumo in an effort to get the problem corrected. Nine months after closing, the appellees sent a letter to Tumo complaining that the problem had not been solved and several months later Tumo wrote to appellees' attorney stating that it felt that it had met its contractual obligations.

At trial, appellees' expert witness testified that it was necessary to install a 24-inch headwall to catch the drainage in order to then carry the water by underground pipe to a catch basin located on a corner of the Laskys' property. The cost of the project was estimated to be $3,495.00.

After reviewing the evidence and viewing the premises, the trial court found that the parties intended and agreed that the list of incomplete items would be completed by Tumo after closing as a part of the original contract; that the contractor had failed to provide for proper drainage of surface water across the premises; that the lack of drainage is the cause of the mud wash problem on the driveway and prevents proper landscaping; and that the landscaping cannot be completed until the mud wash problem is resolved by the installation facilities at a cost of $3,495.00 *Held:*

In construing a contract, the intent of the parties is to be determined by looking at the "four corners" of the document and intent is an issue for the trier of fact. *Stephens v. Parrino & Ware,* 138 Ga. App. 634, 635 (226 SE2d 809) (1976). This court will not grant a new trial on the general grounds if there is any evidence to support the judgment. *Thompson v. Fouts,* 203 Ga. 522 (47 SE2d 571) (1978). The credibility of the witnesses is also an issue for the trier of fact. *Redd v. State,* 154 Ga. App. 373 (268 SE2d 423) (1980).

In looking at the four corners of the contract in the present case, we find that the 9th item on the list signed on the day of closing refers back to Stipulations Seven and Eight in the original contract. Appellant's argument that this provision was not supported by additional consideration and is therefore a nullity is without merit. The finder of fact was authorized to find that the landscaping could not be completed as required under the contract unless the underlying problem was corrected. Under the "any evidence" rule cited above, we find that the findings of the trial judge were amply supported by the evidence.

Appellees' motion for damages for delay is denied.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED MAY 19, 1981.

*Dana L. Jackel,* for appellant.
*Donald D. Smith,* for appellees.