**Thomas R. DUMAS, Plaintiff-Appellant,**

v.

**FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION d/b/a Savannah First Federal, Defendants-Appellees.**

No. 81–7205

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit B

Aug. 27, 1981.

Rehearing Denied Sept. 30, 1981.

---

**4.** *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Lee & Clark, Fred S. Clark, Savannah, Ga., Joseph M. Glickstein, Jr., Jacksonville, Fla., for plaintiff-appellant.

Charles Rippin, Savannah, Ga., for defendants-appellees.

Before RONEY, FRANK M. JOHNSON, Jr. and HENDERSON, Circuit Judges.

PER CURIAM:

Plaintiff Thomas R. Dumas, a Florida real estate investor and developer, brought this diversity action seeking to enjoin the violation of an alleged contract and to obtain damages. The district court granted summary judgment in favor of defendant First Federal Savings and Loan Association (the bank), concluding that no binding contract had arisen between the parties. We affirm.

In 1979, the bank foreclosed on Sunset Plaza Shopping Center in Moultrie, Georgia, and initiated an advertising campaign to attract prospective buyers. Plaintiff responded to the advertisements and negotiations ensued between plaintiff and bank officials. On July 3, 1980, plaintiff presented a letter to the bank which was to "act as the basic agreement, subject to a mutually acceptable Purchase and Sale Agreement." The two-page letter contained rather complex details of the proposed sale and specified that the bank was to retain an interest in future appreciation and act as a primary creditor. Both parties initialed the letter and plaintiff tendered a five-thousand dollar check as "initial earnest money." In return, the bank agreed to withdraw the shopping center from active marketing until the proposal could be developed further and a possible sale arranged. Plaintiff eventually submitted a draft of the purchase and sale agreement called for in the letter, but the bank considered it unacceptable. In a letter dated July 25, the bank listed twenty-three points of disagreement, returned the earnest money deposit and made it clear that the obligation to deal exclusively with the plaintiff had ceased. On October 20, the parties again met and plaintiff was informed of the shopping center's imminent sale to a third party. This action seeking to enjoin the sale and obtain damages was filed shortly after the meeting.

The district court denied the motion for temporary restraining order and granted summary judgment in favor of the bank. The court concluded that the "letter agreement" was not a binding contract and therefore unenforceable as a matter of law. Plaintiff argues that the parties intended the letter agreement to be a contract and that this issue of intent precludes the court from granting summary judgment. The contention is not meritorious.

A binding contract must be predicated upon a meeting of the minds. *Jack V. Heard Contractors v. A. L. Adams Const. Co.*, 155 Ga.App. 409, 271 S.E.2d 222 (1980). If terms and conditions are left to future negotiations, the requisite meeting of the minds is absent and no contract is formed. *Nuclear Assurance Corp. v. Dames & Moore*, 137 Ga.App. 688, 225 S.E.2d 97 (1976); *Malone Const. Co., Inc. v. Westbrook*, 127 Ga.App. 709, 194 S.E.2d 619 (1972). The letter agreement initialed by appellant and representatives of the bank was made expressly contingent upon a "mutually acceptable" purchase and sale agreement. Clearly, "mutually acceptable" connotes that the terms of the agreement are still subject to negotiation and not final. Any other reading would obfuscate the plain meaning of the language. Thus, the

letter agreement can only be characterized as "an agreement to seek to agree in the future" and not as a final contract. *Nuclear Assurance Corp. v. Dames & Moore, supra,* 225 S.E.2d at 98.[1]

■ Plaintiff contends, however, that the parties intended to be bound by the terms of the letter agreement and that the intent of the parties raises a disputed issue of fact. We cannot agree. Admittedly, Georgia courts ofttimes consider matters of intent to be questions for the fact finder. *See Stephens v. Parrino,* 138 Ga.App. 634, 226 S.E.2d 809 (1976). Nevertheless, where the language of a writing is "clear and definite," a court can, as a matter of law, ascertain "the plain intentions of the parties as expressed in the wording of the binding agreement." *Carsello v. Touchton,* 231 Ga. 878, 204 S.E.2d 589, 592 (1974). The letter agreement states on its face that it is subject to a later, "mutually acceptable" agreement; the provision can only mean that the parties did not intend the letter agreement to be a binding, enforceable contract.[2]

For the reasons stated herein, judgment for the appellee is AFFIRMED.

---

1. We note that our construction of the term "mutually acceptable" is supported by the general rule that a writing is to be strictly construed against the drafter. *See Wofac Corp. v. Hanson,* 131 Ga.App. 725, 206 S.E.2d 614 (1974).

2. Notably, the facts in the record bear out this conclusion. When plaintiff submitted a draft of the purchase and sale agreement to the bank, it was not merely restating the terms set forth in the two-page letter agreement. Instead the draft contained twenty-two pages of terms and conditions, many of which did not appear in the letter agreement. For example, the letter agreement made no mention of buyer/seller indemnification agreements, certain loan repayment terms, the type of warranty deed (limited or general), the payment of certain expenses including taxes and the cost of a plat survey, the party to bear the risk of loss prior to closing and the assignability of the agreement. All of these matters are raised in the purchase and sale agreement. Read in tandem, the two documents demonstrate that the letter agreement was merely a starting point for a lengthier, more detailed final document, and not a final agreement.