SEA–LAND SERVICE, INC.

v.

**BANCA DE REPUBLICA DE DOMINI-CA, the Dominican Republic and Connell Rice and Sugar Co., Inc.**

Civ. A. No. 85–5529.

United States District Court,
E.D. Louisiana.

Sept. 13, 1988.

(1) Motion of plaintiffs, Sea–Land Service, Inc. and Through Transport Mutual Insurance Association, Ltd., for summary judgment against defendant, The Dominican Republic;

(2) Motion by plaintiff, Sea–Land Service, Inc., to dismiss the counterclaim of defendant, The Dominican Republic, for failure to prosecute, alternatively, motion for summary judgment;

(3) Motion by defendant, Connell Rice & Sugar Co., Inc., for summary judgment against plaintiffs, Sea–Land Service, Inc. and Through Transport Mutual Insurance Association, Ltd.;

(4) Motion by defendant, Connell Rice & Sugar Co., Inc., to dismiss the crossclaim of defendant, The Dominican Republic, for failure to prosecute;

(5) Motion for summary judgment by third-party defendant, American Rice, Inc., for summary judgment against plaintiff, Connell Rice & Sugar Co., Inc.; and

(6) Motion for separate trial by third-party defendants, Beaumont Rice Mill, Inc., Broussard Rice Mill, Inc., Doguet's Rice Milling Co., Farmers' Rice Milling Co., Inc., Liberty Rice Mill, Inc., Moore Rice Mill, Inc., Riviana Foods, Inc., P & S Rice Mills, Inc., American Rice, Inc., Sun Rice, Inc., and the United States, for dismissal of the third-party claim of defendant, Connell Rice & Sugar Co., Inc.

Eileen Gleason Shaver, Gelpi, Sullivan, Carroll & Laborde, New Orleans, La., for plaintiff.

Connell Rice & Sugar Co., Inc., George J. Fowler, III, Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, La., for defendants.

George M. Strickler, Robert P. Roberts, New Orleans, La., for The Dominican Republic.

Ruth Morris Force, Asst. U.S. Atty., New Orleans, La., for U.S. Dept. of Agriculture.

R. Scott Blaze, U.S. Dept. of Justice, Washington, D.C., for U.S.

ROBERT F. COLLINS, District Judge.

The following motions came on for hearing before this Court on August 24, 1988:

*Motion 1*

Plaintiffs, Sea–Land Service, Inc. (Sea–Land), and Through Transport Mutual Insurance Association, Ltd. (Through Transport) moved the Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure, to grant summary judgment against defendant, The Dominican Republic, allowing the plaintiffs to recover expenses incurred in the transportation and care and custody of 14,341.54 metric tons of rice cargo. The motion is hereby GRANTED.

The following facts are undisputed for purposes of this motion:

(1) The Dominican Republic has not been represented by counsel in this matter since January 29, 1988.

(2) The Dominican Republic has not responded to any pleadings or correspondence forwarded to its representatives since January 29, 1988.

(3) No one representing The Dominican Republic appeared at a status conference held before this Court on June 30, 1988.

(4) On or about August 9, 1985, The Dominican Republic was authorized to purchase approximately 22,000 metric tons of rice pursuant to the U.S. Public Law 480 Program under Purchase Authorization No. DR–7013.

(5) On or about August 20, 1985, The Dominican Republic and Connell Rice & Sugar Co., Inc. (Connell) entered into an agreement whereby The Dominican Republic agreed to purchase a specific quantity of rice for $313.82 (U.S.) per net metric ton.

(6) On or about August 23, 1985, The Dominican Republic and Sea–Land entered into a Confirmation of Booking for the carriage of 14,341.54 gross metric tons of rice from New Orleans, Louisiana, to Rio Haina, Dominican Republic.

(7) The August 23, 1985 Confirmation of Booking was amended on August 28, 1985, September 20, 1985, and October 15, 1985.

(8) Pursuant to the Confirmation of Booking, as amended, The Dominican Republic agreed to pay Sea–Land $56.00 (U.S.) per gross metric ton for 14,341.54 gross metric tons of rice to be carried from New Orleans, Louisiana, to Rio Haina, Dominican Republic.

(9) On September 17, 1985, Sea–Land issued bill of lading no. 031964695 covering 104 oceangoing containers of bagged rice loaded aboard the S/S OAKLAND, an approved vessel under Public Law 480, at New Orleans, Louisiana, for transport to The Dominican Republic.

(10) On September 24, 1985, Sea–Land issued bill of lading no. 031965412 covering 41 oceangoing containers of bagged rice loaded aboard the S/S PITTSBURGH, an approved vessel under Public Law 480, at New Orleans, Louisiana, for transport to The Dominican Republic.

(11) On October 1, 1985, Sea–Land issued bill of lading no. 031966233 covering 158 oceangoing containers of bagged rice loaded aboard the S/S SAN PEDRO, an approved vessel under Public Law 480, at New Orleans, Louisiana, for transport to The Dominican Republic.

(12) On October 9, 1985, Sea–Land issued bill of lading no. 031967135 covering 75 oceagoing containers of bagged rice loaded aboard the S/S PITTSBURGH, an approved vessel under Public Law 480, at New Orleans, Louisiana, for transport to The Dominican Republic.

(13) On October 16, 1985, Sea–Land issued bill of lading no. 031968101 covering 300 oceangoing containers of bagged rice loaded aboard the S/S OAKLAND, an approved vessel under Public Law 480, at New Orleans, Louisiana, for transport to The Dominican Republic.

(14) The sealed, metal, oceangoing containers received aboard Sea–Land vessels were received in good order and condition.

(15) The 104 containers shipped aboard the S/S OAKLAND were discharged in San Juan, Puerto Rico, and reloaded aboard the S/S PITTSBURGH, and 145 containers were discharged in Rio Haina on or about October 1, 1985.

(16) Twenty–seven of the 158 containers loaded aboard the S/S SAN PEDRO were reloaded aboard the S/S ST. LOUIS in San Juan, Puerto Rico, and discharged in Rio Haina on or about October 27, 1985.

(17) Twenty–five of the 158 containers loaded aboard the S/S SAN PEDRO were reloaded aboard the S/S PANAMA in San Juan, Puerto Rico, and discharged in Rio Haina on or about November 1, 1985.

(18) Representatives of the Dominican Republic opened only one of the 197 containers shipped to The Dominican Republic.

(19) The Dominican Republic did not pay the freight for the carriage of 681 containers of rice as required by the bills of lading and Public Law 480.

(20) Dominican Republic officials alleged the container opened was infested with the

Khapra beetle, an insect which devastates growing crops.

(21) An insect allegedly found in the container opened by The Dominican Republic was identified by the Smithsonian Institution as *Trogoderma anthrenoides*, a boring insect affecting only harvested and stored grains.

(22) *Trogoderma anthrenoides* is believed to be prevalent throughout all of Central America, North America and the Caribbean Islands.

(23) At all material times, The Dominican Republic had not placed *Trogoderma anthrenoides* on its published quarantine list.

(24) Fumigation of the rice in The Dominican Republic was possible and would not have posed a serious hazard to human, plant or animal life.

(25) The rice in question was bagged and loaded into containers by individuals not employed by Sea–Land.

(26) Sea–Land received sealed, metal, oceangoing containers of rice for carriage to The Dominican Republic.

(27) The Dominican Republic frustrated Sea–Land's delivery of the remaining 481 containers of rice.

(28) Because of the actions of The Dominican Republic, Sea–Land was forced to return 481 containers of rice to New Orleans, care for the rice, and fumigate it.

(29) The rice stored in New Orleans eventually was inspected by representatives of The Dominican Republic in April 1986 and was approved for reshipment to The Dominican Republic.

(30) The Dominican Republic accepted the rice returned to New Orleans, and it later was reshipped to The Dominican Republic.

(31) At or around October 1985, The Dominican Republic ordered 14,343 metric tons of rice from a Spanish source.

(32) In January 1986, The Dominican Republic received 14,343 metric tons of rice from Spain.

(33) The rice which The Dominican Republic purchased from Spain was purchased for less than $313.82 (U.S.) per metric ton.

(34) Generally, a period of 60 to 90 days elapses between the time of placing an order for rice and the time of its delivery.

(35) The Dominican Republic has no evidence to prove the condition of the rice as received by Sea–Land.

(36) The Dominican Republic has presented no evidence to prove the condition of the rice at the time it was offloaded in Rio Haina, Dominican Republic.

(37) The Dominican Republic has presented no evidence to prove the alleged damage to the rice received in The Dominican Republic during October/November 1985 occurred only while in Sea–Land's custody.

*Law*

Any party to a civil action may move for summary judgment on the ground that there is no genuine issue as to any material fact and that judgment therefore is proper as a matter of law. Fed.R.Civ.P. 56. The party moving for summary judgment has the burden of showing the non-existence of any genuine issue of material fact. *Adickes v. S.H. Kress and Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Once this initial burden has been met, the party opposing the motion must come forward with specific facts which demonstrate the existence of a genuine issue for trial. *Gossett v. Du–Ra–Kel Corporation*, 569 F.2d 869 (5th Cir.1978).

 Movants, Sea–Land and Through Transport, have met the initial burden. Movants produced evidence that the bill of lading served as a contractual agreement for freight charges between Sea–Land and The Dominican Republic. Section 13 of the bill of lading provides:

> Full freight to the port of discharge named on the face of this document and all advance charges against the goods shall be considered completely earned on receipt of the goods by the carrier.

The Dominican Republic, however, has failed to meet its burden. The Dominican Republic's defense is based solely upon an affirmative defense raised in the answer.

This bald assertion inadequately fulfills The Dominican Republic's burden. The law is well-settled that an opposing party cannot rest upon the allegation of his pleadings to establish the existence of a material issue of fact. *Security and Exchange Commission v. Murphy*, 626 F.2d 633 (9th Cir.1980); *Smith v. Saxbe*, 562 F.2d 729 (D.C.Cir.1977), Rule 56(e) Fed.R. Civ.P.

 In contract cases, summary judgment is appropriate if the contract in question is unambiguous. *Casteneda v. Dura-Vent Corp.*, 648 F.2d 612 (9th Cir.1981); *Harrison Western Corp. v. Gulf Oil Co.*, 662 F.2d 690 (9th Cir.1981). In considering the propriety of summary judgment in a contract case, the Court may not look beyond the four corners of the document. *Bear Brand Hosiery Co. v. Tights, Inc.*, 605 F.2d 723 (4th Cir.1979); *McKeithen v. S.S. Frosta*, 430 F.Supp. 899 (E.D.La.1977). The face of the contract contains no ambiguity and presents no evidence of the contract's invalidity. Accordingly, the Court, viewing the facts in the light most favorable to the non-moving party, must GRANT the motion for summary judgment.

### Motion 2

Plaintiff, Sea–Land, moved the Court to dismiss the counterclaim of The Dominican Republic with prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, for failure of The Dominican Republic to prosecute. The motion is hereby GRANTED.

The following facts are undisputed for purposes of the motion:

(1) The Dominican Republic has not been represented by counsel in this matter since January 29, 1988.

(2) The Dominican Republic has not responded to any pleadings or correspondence forwarded to its representative since January 29, 1988.

(3) No one representing The Dominican Republic appeared at a status conference held before this Court on June 30, 1988.

(4) No one representing The Dominican Republic appeared before this Court to oppose the motion to dismiss on August 24, 1988.

(5) Service of the Motion to Dismiss for Failure to Prosecute was made upon Dominican Republic officials, by DHL Courier, on August 8, 1988.

*Law*

 Rule 41(b) of Federal Rules of Civil Procedure provides:

> "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him."

The provisions of this rule apply to the dismissal of counterclaims, crossclaims or third-party claims. 41(c) Fed.R.Civ.P. A district court may dismiss for want of prosecution whenever necessary to achieve the orderly and expeditious disposition of cases. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Gonzalez v. Firestone Tire and Rubber Co.*, 610 F.2d 241 (5th Cir.1980). Dismissal should be imposed "in the face of a clear record of delay or contumacious conduct." *Durham v. Florida East Coast Railway Co.*, 385 F.2d 366, 368 (5th Cir. 1967), *See also, Anthony v. Marion County General Hospital*, 617 F.2d 1164 (5th Cir.1980). The Dominican Republic's deliberate inattention to the instant litigation warrants dismissal pursuant to Rule 41(b); thus, the motion to dismiss is GRANTED.

### Motion 3

Defendant, Connell, pursuant to Rule 56 of the Federal Rules of Civil Procedure, moves the Court to grant summary judgment in its favor against plaintiffs, Sea–Land Service, Inc. and Through Transport Mutual Insurance Association, Ltd. The motion is hereby GRANTED.

The following facts are undisputed for purposes of this motion:

(1) At all material times, Connell was the F.A.S. (free along side) seller of 14,305.77 gross metric tons of bagged rice to The Dominican Republic.

(2) The Dominican Republic contracted with Sea–Land for the transportation of the above mentioned rice to The Dominican Republic as admitted by Sea–Land in its August 5, 1988 motion for summary judgment which states:

"On August 23, 1985, Sea–Land and the embassy of the Dominican Republic entered into a confirmation of booking for the shipment of 14,341.54 gross metric tons of bagged rice from New Orleans, Louisiana, to Rio Haina, Dominican Republic."

(3) Connell did not contract with Sea–Land for the transportation of the above mentioned rice, which is the subject of this litigation.

■ (4) The mere inclusion of Connell's name on the bill of lading as shipper by Sea–Land is insufficient to create a contract.

(5) The above mentioned rice, which is the subject of this litigation, was inspected by the United States Department of Agriculture and certified as being free of insect infestation.

(6) The non-moving party failed to support his allegations by affidavits or any other supporting evidence.

*Law*

It is well settled that a binding contract must be predicated upon a meeting of the minds of both parties. *Dumas v. First Federal Savings and Loan Association,* 654 F.2d 359 (5th Cir.1981). *Three–Seventy Leasing Corp. v. Ampex Corp.,* 528 F.2d 993 (5th Cir.1976). In the instant litigation, Connell never even attempted a bargained for exchange. Sea–Land simply inserted Connell on the bill of lading as the shipper of goods. Such an action insufficiently constitutes a meeting of the minds. Accordingly, the Court GRANTS the motion for summary judgment.

### Motion 4

Defendant, Connell, has moved the Court to dismiss the crossclaim of The Dominican Republic, with prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, for failure of The Dominican Republic to prosecute. The motion is hereby GRANTED.

The following facts are undisputed for purposes of the motion:

(1) The Dominican Republic has not been represented by counsel in this matter since January 29, 1988.

(2) The Dominican Republic has not responded to any pleadings or correspondence forwarded to its representative since January 29, 1988.

(3) No one representing The Dominican Republic appeared at a status conference held before this Court on June 30, 1988.

(4) No one representing The Dominican Republic appeared before this Court to oppose the motion to dismiss on August 24, 1988.

(5) Service of the Motion to Dismiss for Failure to Prosecute was made upon Dominican Republic officials, by DHL Courier, on August 8, 1988.

*Law*

Rule 41(b) of Federal Rules of Civil Procedure provides:

"For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him."

The provisions of this rule apply to the dismissal of counterclaims, crossclaims or third-party claims. 41(c) Fed.R.Civ.P. A district court may dismiss for want of prosecution whenever necessary to achieve the orderly and expeditious disposition of cases. *Link v. Wabash Railroad Co.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Gonzalez v. Firestone Tire and Rubber Co.,* 610 F.2d 241 (5th Cir.1980). Dismissal should be imposed "in the face of a clear record of delay or contumacious conduct." *Durham v. Florida East Coast Railway Co.,* 385 F.2d 366, 368 (5th Cir. 1967), *see also, Anthony v. Marion County General Hospital,* 617 F.2d 1164 (5th Cir.1980). The Dominican Republic's deliberate inattention to the instant litigation warrants dismissal pursuant to Rule 41(b); thus, the motion to dismiss is GRANTED.

## Motion 5

Third-party defendant, American Rice, Inc., pursuant to Rule 56 of the Federal Rules of Civil Procedure, moves the Court to grant summary judgment against Connell. The motion is determined to be MOOT in accordance with the previous granting of Connell's motion for summary judgment against Sea–Land, since American Rice, Inc.'s liability is based solely upon Connell being found liable.

## Motion 6

Third-party defendants, Beaumont Rice Mill, Inc., Broussard Rice Mill, Inc., Doguet's Rice Milling Co., Farmers' Rice Milling Co., Inc., Liberty Rice Mill, Inc., Moore Rice Mill, Inc., Riviana Foods, Inc., P & S Rice Mills, Inc., American Rice, Inc., Sun Rice, Inc., and the United States, pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, move for a separate trial. They desire to sever Civil Action No. 85–5529, the action between plaintiffs, Sea–Land Service, Inc. and Through Transport Mutual Insurance Association, Ltd., and defendants, The Dominican Republic and Connell Rice & Sugar Co., Inc., from Civil Action No. 88–0829, the action between defendant, Connell Rice & Sugar Co., Inc., and the above mentioned third-party defendants. The motion is MOOT, in accordance with the previous granting of Connell Rice & Sugar Co., Inc.'s motion for summary judgment against Sea–Land Service, Inc., since the liability of the above mentioned third-party defendants is based solely upon Connell Rice & Sugar Co., Inc. being found liable.

## Tangential Claims

In accordance with the previous granting of summary judgment in favor of plaintiff, Sea–Land Service, Inc., against defendant, The Dominican Republic, and the previous granting of summary judgment in favor of defendant, Connell Rice & Sugar Co., Inc., against plaintiff, Sea–Land Service, Inc., Sea–Land Service, Inc.'s counterclaim against defendant, the United States, and Connell Rice & Sugar Co., Inc.'s crossclaim against third-party defendants, Beaumont Rice Mill, Inc., Broussard Rice Mill, Inc.,

Doguet's Rice Milling Co., Farmers' Rice Milling Co., Inc., Liberty Rice Mill, Inc., Moore Rice Mill, Inc., Riviana Foods, Inc., P & S Rice Mills, Inc., American Rice, Inc., Sun Rice, Inc., and the United States, are MOOT.

## JUDGMENT

After reviewing the pleadings and hearing oral argument of counsel, the Court enters the following Judgment:

IT IS ORDERED, ADJUDGED AND DECREED that there be JUDGMENT in favor of plaintiffs, Sea–Land Service, Inc. and Through Transport Mutual Insurance Association, Ltd., and against defendant, Banca De Republica De Dominca, The Dominican Republic, for recovery of expenses incurred in the transportation and care and custody of 14,341.54 metric tons of rice cargo. Such expenses total $1,372,472.24 and is to be distributed to Sea–Land Service, Inc., in the amount of $715,684.70 and to Through Transport Mutual Insurance Association, Ltd. in the amount of $656,-787.54. Additionally, plaintiffs are awarded interest at the legal rate on the total damages owed from the date of original shipment.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that:

(1) the counterclaim of the defendant, Banca De Republic De Dominca, The Dominican Republic, is DISMISSED with prejudice, in favor of the plaintiff, Sea–Land Service, Inc.;

(2) there be JUDGMENT in favor of defendant, Connell Rice and Sugar Co., Inc., and against plaintiffs, Sea–Land Service, Inc. and Through Transport Mutual Insurance Association, Ltd., dismissing the plaintiffs' claims with prejudice;

(3) the crossclaim of defendant, Banca De Republica De Dominica, The Dominican Republic, against defendant, Connell Rice & Sugar Co., Inc., is DISMISSED with prejudice and at plaintiff's costs;

(4) the motion for summary judgment by third-party defendant, American Rice, Inc., against defendant, Connell Rice and Sugar Co., Inc., is MOOT due to the granting of

summary judgment in favor of defendant, Connell Rice & Sugar Co., Inc., against plaintiffs, Sea–Land Service, Inc. and Through Transport Mutual Insurance Association, and to the dismissal of the counterclaim of defendant, The Dominican Republic, against defendant, Connell Rice & Sugar Co., Inc.;

(5) the motion for separate trials by third-party defendants, Beaumont Rice Mill, Inc., Broussard Rice Mill, Inc. Doguet's Rice Milling Co., Farmers' Rice Milling Co., Inc., Liberty Rice Mill, Inc., Moore Rice Mill, Inc., Riviana Foods, Inc., P & S Rice Mills, Inc., American Rice, Inc., Sun Rice, Inc., and the United States, is MOOT due to the granting of summary judgment in favor of Connell Rice and Sugar Co., Inc. against plaintiffs, Sea–Land Service, Inc. and Through Transport Mutual Association, Ltd., and to the dismissal of the counterclaim of defendant, The Dominican Republic, against defendant, Connell Rice and Sugar Co., Inc.

(6) the counterclaim of plaintiff, Sea–Land Service, Inc., against defendant, the United States, is MOOT as is the cross-claim of defendant, Connell Rice & Sugar Co., against third-party defendants, Beaumont Rice Mill, Inc., Broussard Rice Mill, Inc. Doguet's Rice Milling Co., Farmers' Rice Milling Co., Inc., Liberty Rice Mill, Inc., Moore Rice Mill, Inc., Riviana Foods, Inc., P & S Rice Mills, Inc., American Rice, Inc., Sun Rice, Inc., and the United States, due to the prior granting of summary judgment in favor of plaintiff, Sea–Land Service, Inc., and defendant, Connell Rice & Sugar Co., Inc.