October 1, 1992

# IN THE SUPREME COURT OF THE
## COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| INES S. ADA and VICENTE T. SEMAN, | ) | APPEAL NO. 91-008 |
| Plaintiffs/Appellees, | ) | CIVIL ACTION NO. 90-147 |
| | ) | |
| vs. | ) | OPINION |
| | ) | |
| K. SADHWANI'S INC., | ) | |
| Defendant/Appellant. | ) | |

Argued June 8, 1992

Counsel for Defendant/Appellant: Theodore R. Mitchell
Jeanne H. Rayphand
P. O. Box 2020
Saipan, MP 96950

Counsel for Plaintiffs/Appellees: Michael A. White
White, Novo-Gradac and
Manglona
P. O. Box 222 CHRB
Saipan, MP 96950

BEFORE: DELA CRUZ, Chief Justice, VILLAGOMEZ and BORJA, Justices.

BORJA, Justice:

## FACTS

Ines S. Ada (hereafter Ada) and Vicente T. Seman (hereafter Seman) brought a quiet title action against K. Sadhwani's Inc.

(hereafter Sadhwani). Ada and Seman also sought monetary damages for fraud and slander of title. Ada and Seman are siblings.

Ada is the owner in fee simple of Lot No. 330D. Seman is the owner in fee simple of Lot No. 330C and 330B. All lots are in San Jose, Saipan.

On April 10, 1986, Ada and Seman executed with Sadhwani a document entitled "Lease Agreement" (hereafter sometime document). This document stated the following:

> This temperory [sic] agreement is made between K.SADHWANIS INC. AND MRS. INES S. ADA AND VICENTE T. SEMAN. FOR LOT NOS 330 B, C, and D. The final agreement will be drafted by an attorney.
>
> CONDITIONS.
>
> 1. rental 1950.00 per month.
> 2. 10 percent increase every five years.
> 3. lessor has all rights to sublease mortgage
> 4. 55 year lease term.
>
> /s/ /s/ /s/ A. Sadhwani
> INES S. ADA VICENTE T. SEMAN K.SADHWANIS INC

Ada and Seman filed their quiet title action on February 8, 1990. After discovery, Ada and Seman filed a motion for summary judgment. Sadhwani filed a cross motion for summary judgment on Ada and Seman's first and third causes of action.

The court granted summary judgment quieting title in the property in favor of Ada and Seman and against Sadhwani.

Sadhwani appeals the grant of summary judgment and the denial of its cross motion for summary judgment. Ada and Seman appeal the summary disposition of the fraud claim.

For the reasons stated herein, we affirm.

## ISSUES PRESENTED

1. Did the Superior Court properly grant summary judgment in favor of Ada and Seman as to the validity and effect of the document?

2. Did the Superior Court err in dismissing Ada and Seman's fraud claim?

## STANDARD OF REVIEW

"On an appeal from a grant of summary judgment, the standard of review is limited to determining whether there is a genuine issue of material fact, and if there is none, then whether the law was correctly applied." Cabrera v. Heirs of De Castro, No. 89-018, slip op. at 3, 1 N.Mar.I. 102, 103 (June 7, 1990).

The second issue is subject to de novo review since it involves an issue of law. Govendo v. Marianas Public Land Corporation, No. 90-036 (N.M.I. Feb. 11, 1992).

## ANALYSIS

### THE DOCUMENT ENTITLED "LEASE AGREEMENT"

We first determine if there is no genuine issue of material fact. In reviewing the record, we find that the only material undisputed fact in this case is the execution of the document entitled, "Lease Agreement." While there are other facts that are disputed, we find that such facts are not material to the question

307

of whether the document is a lease agreement. As such, we must review the trial court's application of the law to determine if it was correctly applied.

In the Commonwealth, the common law, as expressed in the restatements of the law, or if not so expressed, as generally understood and applied in the United States, applies in the absence of written or customary law. Lucky Development Co., Ltd. v. Tokai, U.S.A., Inc., No. 91-003 (N.M.I. April 20, 1992). The Commonwealth has no written law stating the essential terms of a lease agreement. Neither is there customary law on the subject matter. As such, the restatements apply in this case.

The pertinent law concerning the requirements of a lease is stated in Restatement (Second) of Property § 2.2 (1976). This section states that:

> Unless additional requirements are prescribed by the controlling Statute of Frauds, a lease within the Statute is valid if it is evidenced by a writing which:
> (1) identifies the parties;
> (2) identifies the premises;
> (3) specifies the duration of the lease;
> (4) states the rent to be paid; and
> (5) is signed by the party to be charged.

Although the document sets forth the basic requirements of section 2.2 of the Restatement (Second) of Property, it has additional language therein that leads us to conclude that it was not intended to be a lease agreement. In Restatement (Second) of Contracts § 21 (1981), it is stated that:

> Neither real nor apparent intention that a

308

promise be legally binding is essential to the formation of a contract, <u>but a manifestation of intention that a promise shall not affect legal relations may prevent the formation of a contract</u>.

(Emphasis added.)

■ The document, in addition to setting forth the basic lease requirements, expressly manifests the parties' intention that the document is not a lease agreement. On its face, the document clearly shows an intent that it is not enforceable and binding. Because this intent is manifested in the document itself, summary judgment is proper.

There are two things on the face of the document that lead us to conclude that the parties did not intend to be bound by the document. The first is the use of the word "temporary." In its common term, this word means "Lasting, used, or enjoyed for a limited time; impermanent; transient." <u>The American Heritage Dictionary of the English Language</u> 1325 (1981). The parties contemplated some further or later agreement.

The second is the sentence, "The final agreement will be drafted by an attorney." This sentence in itself definitively demonstrates that the parties intended another agreement that would be final. This sentence also supports the interpretation of the word "temporary" that the document was not final and binding.

Any other reading of the above words would contradict their plain meaning. The only conclusion that can be arrived at is that the document is not a binding and enforceable contract. If these

words were not inserted in the document, Sadhwani would have a strong argument that a lease was entered into in compliance with section 2.2 of the Restatement (Second) of Property.[1]

Sadhwani argues that intent is never a proper subject for summary disposition. In general, this is true. However, where the language of a writing is plain and precise, a court can, as a matter of law, establish the intentions of the parties as declared in the writing. See Dumas v. First Federal Savings and Loan Association, 654 F.2d 359 (5th Cir. Unit B Aug. 1981).

In addition, we note that the two proposed 55-year lease agreements contained several terms and conditions that were not discussed or agreed to by the parties. These proposed leases were not restating the terms set out in the temporary lease agreement. When read together, the documents clearly show that the temporary lease agreement was merely a starting point for the lengthier and more detailed proposed lease agreements.

## THE FRAUD CLAIM

While it is clear that the trial court disposed of this claim sua sponte, the basis used for the dismissal is not so clear. The trial court specifically mentions non-compliance with Rule 9, Com.R.Civ.P.[2] However, it also states that the count "does not

---

[1]Our construction of the words in the document is supported by the rule that a writing is to be strictly construed against the drafter. The drafter in this case is Sadhwani.

[2]Rule 9(b) requires that, "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."

warrant any claim for damages." Ada v. K. Sadhwani's Inc., C.A. No. 90-147, slip op. at 8 (Super. Ct. April 3, 1991). In addition, in a footnote, the trial court stated that, "[o]stensibly, plaintiffs claim damages because the defendants failed to keep their promise that defendant would negotiate with plaintiffs in the future. This is a legal non sequitur." Id. at n. 3. This seems to imply that it was also being dismissed for failing to state a claim under Rule 12(b)(6), Com.R.Civ.P.

If the trial court dismissed the fraud count under Rule 9, it should have granted leave to amend the count. As stated in 5 C. Wright & A. Miller, Federal Practice and Procedure: Civil 2d § 1300 (1990), "An insufficient allegation of fraud or mistake is subject to the liberal amendment provisions of Rule 15."[3]

Furthermore, Sadhwani may have waived the specificity requirement when it failed to so object. "[A] party who fails to object to the manner in which fraud or mistake is pleaded waives the specificity requirement." Id.

The trial court's erroneous dismissal under Rule 9, however, is saved by its additional use of Rule 12(b)(6).

Normally, a court should not dismiss a complaint under Rule 12(b)(6) sua sponte without first giving the plaintiff notice and an opportunity to respond. See 5A C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1357 (1990). However, when the

---

[3]Both Rules 9 and 15, FRCP, are similar to Rules 9 and 15, Com.R.Civ.P. Interpretations of the federal rules would be helpful to us. Cepeda v. Hefner, No. 90-057 (N.M.I. April 24, 1992).

count clearly has no basis in law or fact, then the trial court can dismiss sua sponte. See Pugh v. Parish of St. Tammany, 875 F.2d 436 (5th Cir. 1989).

 A person's liability for fraudulent misrepresentation is stated in the restatements as:

> One who fraudulently makes a misrepresentation of fact, opinion, intention or law for the purpose of inducing another to act or to refrain from action in reliance upon it, is subject to liability to the other in deceit for pecuniary loss caused to him by his justifiable reliance upon the misrepresentation.

Restatement (Second) of Torts § 525 (1977). Before liability can attach, there must first be a showing that a misrepresentation of fact, opinion, intention or law was made. Ada and Seman do not claim a misrepresentation of fact, opinion, or law. In their complaint, they alleged that:

> A. Sadhwani twice promised Plaintiffs that the Defendants' document was not legal and that it was still necessary to sign a lease with him in the future. A. Sadhwani promised that Plaintiffs could negotiate with him in the future. He made these statements with the intent to deceive Plaintiffs into signing the Defendants' document, while knowing that his statements were untrue.

Complaint at 7, par. 41.

 At page 22 of Ada and Seman's Brief, it is stated that:

> Sadhwani misrepresented his intentions to them. He asked them to sign a document, inducing them to do so by telling them that it would not be binding, that the parties would negotiate further, and that there would not be a binding agreement until the parties had

negotiated, agreed upon, and executed a lease. Therefore, we will address the law on misrepresentations of intentions only.[4]

 What is a fraudulent misrepresentation is stated in Restatement (Second) of Torts § 526 (1977):

> A misrepresentation is fraudulent if the maker
> (a) knows or believes that the matter is not as he represents it to be,
> (b) does not have the confidence in the accuracy of his representation that he states or implies, or
> (c) knows that he does not have the basis for his representation that he states or implies.

 Sadhwani's statement of his intentions are not misrepresentations. None of the above-stated three types of misrepresentation exist. The trial court found the document to mean what Sadhwani represented to be his intention, i.e., that it was Sadhwani's intention that the document be not binding. The first type of a misrepresentation, i.e., knowledge or belief that the matter is not as he represents it to be, is missing.

The second type, lack of "confidence in the accuracy of his representation," does not apply because the trial court found that the representation contained in the temporary lease agreement was accurate.

---

[4] An argument could be made that the statement that the document was not legal is a statement of law or opinion. This would not help Ada and Seman, however. Normally, misstatements of law are not actionable. Fields v. Life & Casualty Ins. Co. of Tennessee, 349 F.Supp. 612, 615 (E.D. Ky 1972). A statement of law or opinion is actionable in fraud if the actor is a fiduciary of, or has another special relationship with, the injured party, i.e., the two are business partners. See, Day v. Avery, 548 F.2d 1018 (D.C. Cir. 1976), cert. denied, 97 S.Ct. 1706 (1977). This is not the situation in this case.

The third type, "knowledge that he does not have a basis for his representation," also does not apply because the trial court found that Sadhwani knew that the temporary lease agreement was not binding or enforceable. This knowledge is shown by the words used by Sadhwani in the document itself.

Therefore, the trial court was correct when it stated that there can be no damages.

In addition, Ada and Seman did not suffer damages that were caused by the alleged misrepresentation. In § 525 of the Restatement (Second) of Torts, it is stated that a misrepresentation is actionable where "pecuniary loss [is] caused to [victim] by his justifiable reliance upon the misrepresentation." In Day v. Avery, supra at 1028, the court stated that "[a] necessary ingredient of the tort of misrepresentation . . . is that the claimant suffer harm by reason of the tortious conduct."

Ada and Seman claim that they have suffered damages because Sadhwani's actions have resulted in a harmful "cloud" on their titles. That cloud, however, resulted from Sadhwani's filing of the "temporary" lease agreement. It did not result from his statement that the document was not legal or that there would be future negotiations.[5]

---

[5]The filing of the "temporary" lease agreement may be actionable under the theory of slander of title. However, Ada and Seman did not appeal the dismissal of their slander of title cause of action.

## CONCLUSION

The judgment of the trial court is **AFFIRMED** in all respects.

Jose S. Dela Cruz
Chief Justice

Ramon G. Villagomez
Justice

Jesus C. Borja
Justice